## W. M. RANDOLPH, Appellant, v. STATE of Texas, Appellee. (No. 12598.)

Court of Criminal Appeals of Texas.
April 17, 1929.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for driving an automobile upon a public highway while intoxicated; punishment, a fine of $140.

The record appears here without any bills of exception or statement of facts. The indictment sets out the offense, and is followed by the court's charge, the judgment, and sentence.

No error appearing, the judgment is affirmed.

## Jess WILLIAMS, Appellant, v. STATE of Texas, Appellee. (No. 12188.)

Court of Criminal Appeals of Texas.
April 17, 1929.

Patterson & Cates, of Decatur, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

A plea of guilty was entered. The statement of facts shows the guilt of the appellant. There are no legal questions raised by bills of exceptions or otherwise.

The judgment is affirmed.

## B. D. YOUNG, Appellant, v. STATE of Texas, Appellee. (No. 12633.)

Court of Criminal Appeals of Texas.
April 24, 1929.

Reynolds & Heare, of Shamrock, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is theft of property over the value of $50; punishment fixed at confinement in the penitentiary for a period of two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

HAWKINS, J., absent.

## W. L. HAYNES v. J. M. RADFORD GROCERY CO. (No. 488.)

Court of Civil Appeals of Texas. Eastland.
April 12, 1929.

A. A. Ledbetter, of McLean, for appellant.
Davidson & Hickman, of Abilene, for appellee.

FUNDERBURK, J. From a judgment for the sum of $575 in favor of J. M. Radford Grocery Company, plaintiff, against W. L. Haynes, defendant, the latter has appealed. The case comes to us upon a transcript and statement of facts, without any brief by either of the parties, and without any motions explanatory of the action of the parties in failing to file briefs. Upon the submission of the case we were somewhat in doubt, in view of apparently contradictory decisions, as to the proper disposition to make of the appeal, particularly with reference to whether we should dismiss same for want of prosecution, and whether we were under duty to examine the record to discover the existence of fundamental error. Having certified the questions of practice involved to the Supreme Court, and the decision of the Supreme Court having been made and certified to us for our guidance (W. L. Haynes, Appellant, v. J. M. Radford Grocery Co., Appellee, 14 S.W.(2d) 811), we have determined to examine the record and make disposition of the case upon its merits.

An inspection of the record convinces us that the judgment is sustainable under the pleadings, and, no fundamental error appearing, the judgment of the trial court is affirmed.