HOMER ORR, ET AL, V. THE STATE.

No. 21812. Delivered December 17, 1941.
On Motion to Reinstate Appeal February 18, 1942.
On Motion for Rehearing March 11, 1942.

The opinion states the case.

*R. S. Ragsdale,* of Burkburnett, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is a second appeal from a judgment of bond forfeiture,

the former being reported in 139 Texas Crim. Rep., 436, 141 S. W. (2d) 597.

The voluminous record in this case contains no bills of exception and no assignments of error. We have examined the procedure and confess our inability to understand the question which appellants have in mind. No brief has been furnished the court in behalf of the appeal and we are unable from an examination of the record to find any fundamental error.

Further, the appeal is governed by the rules of civil procedure (Art. 866, C. C. P.) and is, therefore, controlled by Rule 415, Texas Rules of Civil Procedure, which has not been complied with. This court has always dismissed the appeal in such cases where no brief has been filed and no showing made to excuse the failure. (Wade, et al, v. State, 43 S. W. (2d) 938 and authorities there cited.)

The State's motion to dismiss the appeal is granted.

#### ON MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

Only after their motion to reinstate the appeal had been submitted in this court did appellants file a brief as is required under the rules mentioned in the original opinion. The only error assigned or discussed therein is that the trial court erred in instructing the jury to return a verdict for the State. No bills of exception accompany the record.

Notwithstanding we are not required to do so, we have examined the facts to determine if there was sufficient evidence introduced to constitute a valid defense such as would nullify the forfeiture of the bond. We have found none.

The motion to reinstate the appeal is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The opinion disposing of the appeal was delivered on Feb-

ruary 18, 1942. A motion for rehearing reached the Clerk of this court on March 7th, 1942. The post mark on the envelope shows it was not posted in the mail for transmission until March 6, 1942. The fifteen days within which a motion for rehearing could be filed expired on March 5th.

Not having been filed in time the motion may not be considered. See Fitts v. State, 98 Tex. Cr. R. 146, 264 S. W. 1006; Smith v. State, 127 Tex. Cr. R. 273, 75 S. W. (2d) 449.