## SCHKADE v. INDEPENDENT–EASTERN TORPEDO CO.

### No. 2312.

Court of Civil Appeals of Texas. Eastland.

Nov. 27, 1942.

Roy A. Downey, of Royalty, for appellant.

Ben J. Dean, of Breckenridge, for appellee.

GRISSOM, Justice.

The Independent-Eastern Torpedo Company, a corporation, instituted this suit in Stephens County against O. E. Schkade on two promissory notes signed by said defendant and by their terms payable to plaintiff at Breckenridge in Stephens County. Defendant's plea of privilege to be sued in Ector County was overruled, and defendant has appealed.

No briefs have been filed. The cause was submitted on a transcript and statement of facts. Rule of Civil Procedure 415 provides: "When the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure and that appellee has not suffered material injury thereby. The court, may, however, decline to dismiss the appeal, whereupon it shall give such direction to the cause as it may deem proper." In 1929 our Supreme Court held that the failure of all parties to an appeal, without good cause being shown, to file briefs, authorized the court of civil appeals to dismiss the appeal, but that said court might inspect the record for fundamental error; that if on such inspection fundamental error was discovered, it was the duty of the court to reverse the judgment, but, if no fundamental error was discovered, the court should affirm the judgment. Haynes v. J. M. Radford Grocery Company, 118 Tex. 277, 14 S.W.2d 811. See also Haynes v. J. M. Radford Grocery Co., Tex.Civ.App., 16 S.W.2d 1118. Appellant has failed to brief in the case and has made no effort to show good cause for such failure. Since the enactment of the Rules of Procedure, we have entertained serious doubt as to the right of a court of civil appeals to now reverse a judgment for fundamental error. See Douglas v. Douglas, 167 S.W.2d 774, decided by this court October 2, 1942. The

allegations and proof are- sufficient to support the judgment overruling- defendant's plea of privilege by virtue of the provisions of Subdivision 5 of Article 1995, Vernon's Ann.Civ.St. However, because defendant failed to file a brief, we deem it proper to dismiss the appeal. Armstrong v. Armstrong, Tex.Civ.App., 121 S.W.2d 1025; Thompson v. Korus, Tex.Civ.App., 125 S.W.2d 1078; Nami v. Uhr, Tex.Civ.App., 124 S.W.2d 940; Orr v. State, 143 Tex.Cr. R. 526, 158 S.W.2d 533.

The appeal is dismissed.