## ALDRIDGE v. CLINTON PARK DEVELOPMENT CO.

### No. 11699.

Court of Civil Appeals of Texas. Galveston.

April 19, 1945.

Percy Foreman, of Houston, for appellant.

S. P. Wunsch, of Houston, for appellee.

GRAVES, Justice.

This cause was taken for submission on April 12, 1945, and oral argument by both parties permitted; but such submission was received subject to a written motion for the appellee, praying that the brief of the appellant herein be stricken, and that this appeal be dismissed, for reasons, the substance of which is this:

"I. That this cause was set for hearing for this 12th day of April, 1945, but that Appellant did fail to file his brief with the

Clerk of the Court of Civil Appeals within the stipulated period of time for filing such briefs; that this Court did convene at 9:30 A.M., April 12, 1945, and that at 9:15 A.M., only fifteen minutes prior to the convening of this Court, Appellant did file his brief.

"II. That appellant did not comply with Rule 414, of the Texas Rules of Civil Procedure, which states that the appellant, within 30 days from the date of notice of submission of a cause in the Court of Civil Appeals, shall file with the Clerk of the Court of Civil Appeals, three copies of his brief.

"III. Further, this Appellee has had no prior knowledge of this brief, or of the contents therein, and Appellee has had no opportunity whatsoever to reply thereto.

"Appellee is entitled to submission of the cause in its regular order, of which he would be deprived, if Appellant's brief is not stricken.

"IV. Further this Appellant has never requested, or made application for, an extension of time to file his brief, but, without regard to the convenience of this Court, or to the rights of Appellee, he does attempt to circumvent this Rule 414 by filing his brief fifteen minutes before this Honorable Court convened."

■ The record substantiates these averments, including that to the effect that appellee has had no opportunity to nor did he file a brief herein in answer to that so belatedly filed by the appellant.

Invoked Rule 414, of Texas Rules of Civil Procedure, was amended as of December 31, 1943, and this record shows these occurrences:

(1) That the clerk of this court not only gave both parties hereto written notice of the filing of the transcript and statement of facts in this court on Monday, February 12 of 1945, pursuant to Rule 389, Texas Rules of Civil Procedure, which only required him to "notify the adverse party of the receipt of the record in said cause," but he further likewise gave both such parties notice, pursuant to Rules 411, 412, Texas Rules of Civil Procedure, on February 15, of 1945, that the cause had been set for submission and oral arguments for Thursday, April 12, 1945;

(2) Despite such filings of the transcript and statement of facts on February 12, 1945, and such setting for submission on February 15, 1945, and the stated notices of such filing to both parties, the appellant wholly ignored the provisions of amended Rule 414 by failing to file his brief herein until fifteen minutes before the calling of the case for trial herein on April 12, 1945, but further had never given the appellee, nor the clerk of this court, either any intimation of whether or not he would file a brief or had offered this court any reason or excuse for not having filed one, as so required.

■ No flatter failure to comply with the cited rule for filing briefs herein has been exhibited to this court, especially in view of the fact that appellant, as the record herein shows, made no pretense of having a good cause for such failure, or of showing that the appellee had not suffered material injury thereby. Indeed, presumptively, at least, the appellee has suffered a consequential injury, in that he has been denied thereby the exercise of his affirmative right to seasonably file a brief for himself in reply to that of the appellant.

This court has carefully examined Rules 414 and 415, Texas Rules of Civil Procedure, but does not find that even the spirit of either undermines the power and duty that each gives to the appellate court in such instances to dismiss an appeal for want of prosecution. In that inquiry, it has examined the sources of these two new rules, to-wit, old Article 1848 (Vernon's Texas Civil Statutes), and old Texas Rules 36 and 38, for the Courts of Civil Appeals (Harris' Rules of the Texas Courts, Annotated, 1921, 2nd Ed., pages 107 and 108, respectively). See also Schkade v. Independent Eastern Torpedo Co., Tex.Civ.App., 168 S.W.2d 281; Orr v. State, 143 Tex.Cr.R. 526, 158 S.W.2d 533.

It is concluded that the appellee's motion is well taken, and that the appeal herein should be dismissed for want of prosecution; it will be so ordered.

Appeal dismissed for want of prosecution.