MILLARD TATUM ET AL V. THE STATE.

No. 23147. Delivered June 6, 1945.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from a final judgment of the County Court at Law No. 2 of Harris County in a bond forfeiture case.

It appears from the record that on the 26th day of March, 1944, Millard Tatum was arrested and charged by complaint and information with a misdemeanor; that on said day and date he, as principal, and Percy Foreman and I. B. Roth, as sureties, made and entered into a bail bond in the sum of Four Hundred Dollars, conditioned as prescribed by law. On the 20th day of April of said year, he failed to appear in said court to answer to the charge pending against him and judgment nisi was entered against him and his sureties. Thereafter, on the 14th day of June, 1944, a scire facias was issued by the clerk of said court citing them and each of them to appear at said court on the 7th day of August and show cause why the forfeiture of said bond should not be made final. Both of the sureties appeared in person and by answer on file but the principal, Millard Tatum, failed to appear and answer therein. The State, by written motion on file, moved the court to dismiss its case as to the principal on the ground that he was a fugitive from justice and then

proceeded with the trial. Both the State and defendants waived a jury and submitted all issues, both of law and facts, to the court, who, after sustaining the State's motion to dismiss as to Millard Tatum, the principal, rendered judgment against the sureties in the sum stated in the bond. From this judgment the sureties, Foreman and Roth, appealed to this court.

There are no bills of exception in the record complaining of any procedure in the trial of the case, nor is there a statement of facts.

The State's Attorney before this court has filed a motion to dismiss the appeal upon the following grounds: (a) Because the procedure governing appeals from judgments in bond forfeiture cases must conform to the rules in civil cases; that in this respect appellants have failed to comply because the transcript was not filed in this court within the sixty-day period as provided by Rule 386 of Vernon's Texas Rules of Civil Procedure; and (b) because no brief has been filed and no showing made to excuse such failure as provided by Rule 415. See also Orr et al v. State, 158 S. W. (2d) 533; Pettis et al v. State, 110 S. W. (2d) 914, and authorities there cited.

The motion is sustained and the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.