### LIBERTY MUT. INS. CO. v. THRASHER.

### No. 11745.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1945.

Rehearing Denied Nov. 29, 1945.

Kemper & Cramer, of Houston, for appellant.

Combs & Dixie, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action by appellee, Earl R. Thrasher, to set aside an

award of the Industrial Accident Board in favor of appellant, Liberty Mutual Insurance Company, as compensation for injuries alleged to have been sustained in the course of his employment with Eastern States Petroleum Company of Texas, who carried compensation insurance with appellant. Judgment was rendered in the trial court awarding appellee and his attorneys compensation in the sum of $6,-767.18, payable in a lump sum.

This cause was set for submission and oral argument in this court on November 8, 1945. No brief was filed by appellant in this court.

On November 6, 1945, two days prior to the date of submission appellee filed his written motion in this court praying that the appeal be dismissed for lack of prosecution under Rules 414 and 415, Texas Rules of Civil Procedure. He alleged that the transcript in the case was filed in this court on July 21, 1945; that, by order entered by this court on August 1, 1945, appellant was granted an additional thirty days, until September 30, 1945, within which to file the statement of facts; that the cause was set for submission on November 8, 1945, and that no brief had been filed by appellant. He alleged that it was then too late for him to file a reply brief and that a consideration of appellant's appeal by this court would cause him material injury.

On November 8, 1945, the date on which the case was set for submission in this court, appellant filed an answer to appellee's motion in which it sought additional time within which to file its brief. Appellant alleged that the transcript in the case had not been available to its counsel and that additional time was necessary in which to show that fundamental error had been committed by the trial court.

Under Rule 414 of the Texas Rules of Civil Procedure, appellant is required to file his brief within "thirty days after the filing therein of the transcript and statement of facts."

Rule 415 of the Texas Rules of Civil Procedure provides that, "When the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure and that appellee has not suffered material injury thereby. * * *"

The Clerk of this court gave both parties hereto due notice that the cause had been set for submission and oral argument for Thursday, November 8, 1945. The record fails to disclose that appellant's delay in filing its brief was caused by the alleged failure of the clerk of this court to return the transcript to appellant.

No good cause having been shown for appellant's failure to file its brief, the appeal herein is dismissed for want of prosecution, under the rule announced by this court in the recent case of Aldridge v. Clinton Park Development Co., 187 S.W.2d 255, and the authorities there cited.

Appeal dismissed.