## DIXIELAND PETROLEUM CORPORATION v. BROWN et ux.

### No. 2697.

Court of Civil Appeals of Texas. Eastland.

Nov. 26, 1948.

Frank Sparks, succeeded by Conner & Conner, all of Eastland, for appellant.

Jack Frost, of Eastland, for appellees.

PER CURIAM.

Fred Brown and wife sued Dixieland Petroleum Corporation to cancel an oil and gas lease executed by the Browns in March, 1947. They alleged the sole consideration for the lease was defendant's promise to commence drilling within 180 days and continue drilling in an efficient and workmanlike manner until a depth of 4500 feet was reached or production obtained at a lesser depth; that about November 1, 1947, defendants had drilled to a depth of 1330 feet; that production was not obtained; that thereafter, no drilling or other operations were conducted on the premises by defendant; that defendant abandoned the well and the consideration for the lease failed. Defendant's driller testified in this connection that he stopped drilling at 1330 feet because defendant did not furnish him with casing required for further drilling; that he kept his drilling equipment idle on the lease, waiting for the defendant to furnish casing from December 1, 1947, until the last of March, 1948, and then moved off. Service was had on defendant, a foreign corporation, by serving citation on W. A. Stiles of Eastland County, who had been designated by defendant as its agent for service in Texas. On May 15, 1948, judgment was entered cancelling the lease and defendant has appealed.

Appellant filed a transcript and statement of facts in this court on July 2, 1948. Texas Rules of Civil Procedure, rule 414, required appellant to file briefs in this court within 30 days thereafter. Appellant has never filed briefs nor tendered them for filing, nor has it presented a motion excusing its failure to file briefs in time or asking additional time. See Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584. On August 6, 1948, appellant was notified that the case was set for submission on October 2, 1948. On September 21st appellees filed a motion to dismiss the appeal because appellant had failed to file briefs in compliance with R.C.P. 414. Appellees alleged that an emergency existed; that they had an opportunity to lease the land for oil and gas development and that delay in passing upon the motion might cause them injury. R.C.P. 415 provides in part:

"When the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure and that appellee has not suffered material injury thereby."

The record shows Honorable Frank Sparks, an attorney of Eastland, represented appellant in the trial court. On July 2, 1948, he withdrew from the case and notified appellant. Prior thereto, on April

22, 1948, said attorney had advised appellant, in effect, that he would not represent it on appeal unless an additional fee therefor was paid to him. On July 2, 1948, or prior thereto, counsel evidently telegraphed appellant that he would not further represent it, apparently meaning thereby that he would not file a brief or otherwise represent appellant in this court, unless appellant paid him a fee therefor because, on said date, Mrs. Stratton, appellant's treasurer, wrote said counsel on that day that his telegram had been received; that appellant could not pay the fee demanded and requested him to turn over all records and the case to a certain attorney in Dallas. Apparently appellant did not pay the Dallas attorney for representing it in this court because he refused to do so and so advised appellant. On September 22, 1948, W. A. Stiles, as agent for appellant, filed in this court a duly acknowledged waiver of notice of appellees' motion to dismiss the appeal. This was the same Stiles who had been designated by appellant as its agent for service and who had been served with citation in the cause prior to the time appellant answered. The court concluded that an emergency existed and on September 24, 1948, dismissed the appeal.

R.C.P. 409 provides that:

"The ten days' notice requirement may be disregarded by the court in cases of emergency."

On October 20th, appellant tendered for filing its motion for rehearing. Appellant's motion for rehearing was not filed nor tendered for filing within 15 days as required by R.C.P. 458. See Reynolds v. Dallas County, Tex.Sup., 207 S.W.2d 362. In connection with said belated motion for rehearing, appellant offered no excuse for his failure to file it within the time required by law. On October 29th the court dismissed said motion. On November 8th appellant tendered another motion asking the court to set aside the order dismissing its motion for rehearing and to grant same. Appellant bases its motion to set aside our order dismissing its motion for rehearing chiefly upon the proposition that notice of appellees' motion to dismiss its appeal was not served upon appellant.

Attached to appellant's motion for rehearing was the affidavit of John F. Stratton, president of Dixieland Petroleum Corporation, as follows:

"State of New York ⎱ ss
"County of New York ⎰

"I John F. Stratton, residing at 605 West 137th Street, New York City, N. Y., and as President of the Dixieland Petroleum Corporation, a Delaware Corporation with a permit to do business in Texas; desire to state that said Dixieland Petroleum Corporation was defendant in a case originating in the District Court of Eastland County, Texas, under # 20, 226, styled, Fred Brown vs. Dixieland Petroleum Corporation; that the Honorable Frank Sparks, an attorney of Eastland, Texas, was employed to represent said defendant's interests in said suit, and appeared for Defendant therein at the trial of said cause in the said District Court; that the trial of said cause resulted in a Judgment on the 15th day of May, A.D., 1948, against said Defendant, cancelling a certain oil and gas lease given by Fred Brown and Elnore Brown to Dixieland Petroleum Corporation, bearing date March 13, 1947.

"Thereafter in due time an appeal was perfected from said adverse judgment to the Court of Civil Appeals for the Eleventh Supreme Judicial District of Texas and the record filed therein on July 2, 1948.

"I did not then nor do I now know the procedure followed or required to be done or performed in said Court of Civil Appeals, and explicitly trusted and expected said Defendant's attorney to look after and do what was necessary to be done in the Court; that I became sick and was confined to the Hudson River State Hospital in Duchess County, State of New York on July 15, 1948, and I was not discharged until the 22nd day of September, 1948, and while being treated was incapacitated from fully performing the responsibility devolving upon me as President and Manager of said Defendant Corporation, and it became necessary for my wife to do the best she could in transacting the business of said Corporation; in the interim, my wife did try to get Jarrell Garonzik of Dallas to

take over the case but he refused to proceed.

"That on or about the 25th day of September, A.D., 1948, Defendant's Attorney, Honorable Frank Sparks, advised me over the telephone that he would not perform any other duties connected with said Appeal unless I paid him an additional fee of $250.00, having already paid him the sum of $500.00 to look after the interests of the Defendant in said cause and an additional $125.00 to take care of the Appeal; that at the time I did not know nor was I advised that it was necessary to have a brief filed within a certain time or run the risk of having the appeal dismissed, nor did I know that no brief had been filed, and did not immediately pay unto said Attorney the additional fee demanded on account of pressing business matters before the Federal Securities Exchange Commission and especially because of my sickness, but at no time did I have any intention to abandon my appeal and did not know that if I did not immediately pay the additional fee demanded of me that my appeal would be dismissed.

"That I had no information that any motion had been filed to dismiss the Appeal in said cause, and W. A. Stiles had no authority from me or the Defendant in said cause to accept service of any motion or to make any agreement with reference to any legal matters connected with said litigation, and I did not know that he had until I was advised on the 13th day of October, 1948, that he had done so; that W. A. Stiles was designated by the Defendant as its Agent in Texas upon whom citation might be served as provided for under the Statutes relating to foreign Corporations securing a permit to do business in Texas; this designation was revoked on or about June 24th, 1948. Our present Agent is Richard K. Moreland residing at 206 West College Street, San Angelo, Texas.

"That as soon as I was advised that the appeal of said defendant had been dismissed, I employed Messrs. Conner & Conner, Attorneys at Eastland, Texas to represent the interests of the Defendant in that appeal.

"That at no time did I or the Defendant intend to abandon the lease hold involved and did not know nor was I advised that the person who contracted to begin the drilling of a well in the lands involved had moved his rig from said premises, but I fully intended to place a rotary rig thereon to complete such drilling to completion, and had paid the driller his contract price in full; that prior to a rental paying periods the Defendant, through my wife, tendered to the Lessors an annual rental as provided for in said lease and it was rejected.

"(s)   John F. Stratton."

Appellees filed a reply to appellant's motion for rehearing and attached thereto the affidavit of Honorable Frank Sparks, attorney, together with copies of correspondence between appellant and said attorney, which is as follows:

"The State of Texas
"County of Eastland

"Before me, the undersigned authority, on this day personally appeared Frank Sparks, known to me to be the person whose name is subscribed hereto, and under oath stated: My name is Frank Sparks, a member of the State Bar of Texas, resident at Eastland. I represented Dixieland Petroleum Corporation in the trial court in case brought by Fred Brown and wife, which became No. 2697 in the Court of Civil Appeals at Eastland. I no longer represented Dixieland after July 2, 1948, as is more fully shown by Exhibits 1 to 4, inclusive, following, to Appellees' Reply, of which this affidavit is a part. Each of said exhibits is a true copy of correspondence in my file in regard to the appeal in this case. Exhibits 2 and 3 are correct copies of letters placed in the U. S. Mail by me; Exhibits 1 and 4 are copies of letters received by me. To the best of my knowledge, neither J. F. Stratton nor Mrs. Frances E. Stratton, nor anyone representing Dixieland Petroleum Corporation, has been in Eastland since July 2, 1948; no such person has contacted me in Eastland with reference to this case.

"(s)   Frank Sparks

"Subscribed and sworn to before me on this the 26th day of October, 1948.

"(s)   Jack Frost
"Notary Public, Eastland
County, Texas."

"Dixieland Petroleum Corporation
"Eastland National Bank Building
            "Eastland, Texas

"Treasurer's Office
            "Apt. 4—605 W. 137th Street
            "New York 31, N. Y.
            "July 2nd, 1948

"Frank Sparks, Esq.,
    "Eastland, Texas

"My dear Mr. Sparks:

"Your telegram received. In response I will say that it is impossible to wire the amount you request so I will ask you to please turn over all papers and data pertaining to the Lewis case against Dixieland in addition to papers, etc., in the Fred Brown case to Mr. Jarrell Garonzik, Attorney, of Dallas, Texas; also your consent to have Mr. Garonzik substitute as our attorney of record in these two cases.

"I regret that you do not care to co-operate with us in this matter.

"Kindest personal regards.

    "Sincerely,

            "(s)    Frances B. Stratton

                "Frances B. Stratton."

                    "August 7, 1948

"Mr. & Mrs. Jack Stratton
    "Apt. 4—605 W. 137th St.
    "New York 31, New York.

"Dear Mr. & Mrs. Stratton:

"Complying with your instructions some time ago, I delivered to Mr. Jarrell Garonzik, Tower Petroleum Building, Dallas 1, Texas, all of your papers pertaining to the two cases then pending in Eastland County, including Dixieland Petroleum Corporation, Appellant, vs. Fred Brown, et ux, Appellee, Number 2697 in the Court of Civil Appeals.

"I am today in receipt of notice from the Court of Civil Appeals advising that the above case is set for submission at 9:00 o'clock A. M. on October 22, 1948. I am forwarding this notice to Mr. Garonzik so that he and you may be advised of this setting.

    "Cordially yours,

"FS/jr                    Frank Sparks

"cc—Mr. Jarrell Garonzik
    "Tower Petroleum Bldg.
    "Dallas 1, Texas."

                    "August 12, 1948

"Mr. & Mrs. Jack Stratton
    "Apt. 4—605 W. 137th Street
    "New York, New York

"Dear Mr. & Mrs. Stratton:

"I am in receipt of a letter from Mr. Garonzik dated August 11th, carbon copy of which was mailed to you, stating that he will make no appearance in the Dixieland case before the court of Civil Appeals. I shall make no appearance in the Court of Civil Appeals and request the court to relieve me of any responsibility based on your letter of instruction dated July 2, 1948. This means unless a brief is filed the judgment will be affirmed, which I assume is your wishes in the matter.

"Further, as early as April 22, I advised you that an additional fee would be necessary, and Mrs. Stratton will recall my statement to her in person to that effect and that she would make the arrangements. You will not, on reconsideration, ask me to proceed further unless you remit the appeal fee of $250.00.

"With kindest regards and best wishes.

    "Very truly yours,

"FS/jr                    Frank Sparks

"cc—Mr. Jarrell Garonzik
    "Tower Petroleum Bldg.
    "Dallas 1, Texas."

                "605 West 137th Street
                "New York 31, N. Y.
                "August 18th, 1948

"Mr. Frank Sparks
    "Eastland, Texas

"My dear Mr. Sparks:

"Your letter of the 12th received. Due to the fact that my mother had to undergo an operation for the removal of a cataract on her right eye and had a bad spell yesterday, we have had to delay our departure for Eastland.

"Mr. Garonzik failed to carry out instructions and his statements are incorrect but that can be taken care of when we arrive in Texas.

240

"Please hold everything in abeyance until we arrive and we will discuss the appeal brief with you then.

"Kindest regards.

"Very truly yours,

"(s)　Frances B. Stratton"

At the time this court entered its order dismissing the appeal, more than 80 days had elapsed since the filing of the transcript and statement of facts. In other words, appellant's brief was then more than 50 days past due. Appellant had not then tendered and did not thereafter tender a brief for filing, nor request additional time within which to file a brief nor offer an excuse for such failure. The record shows that although the ownership of an oil and gas lease, concerning which we judicially know its value may be adversely affected or destroyed by delay, was in issue appellant did nothing towards the prosecution of its appeal after filing the transcript and statement of facts until after its appeal had been dismissed. The record, we think, sustains our conclusion that appellant failed to exercise any diligence in the perfection of its appeal after filing the record. The record affirmatively shows that appellant was repeatedly advised of facts sufficient to put it upon notice of the necessity for having counsel to represent it in this court and of filing briefs. It discloses that appellant was not represented in this court and briefs were not filed because it refused to pay either of the attorneys for such service.

If it is true, as appellant now contends, that Stiles was not its agent when he waived notice of the motion to dismiss, we think this does not affect the right of this court, with or without a motion, to dismiss an appeal of an appellant who exercises no diligence after filing a record in this court and for 50 days after the time within which he is required by law to file a brief fails to file either a brief or offer an excuse for such failure. Le Sure v. Sanders, Tex.Civ.App., 153 S.W.2d 722; Lancaster v. Lancaster, Tex.Civ.App., 153 S.W.2d 269; Woods v. Topletz, Tex.Civ. App., 118 S.W.2d 944; Holcomb v. Copeland, Tex.Civ.App., 118 S.W.2d 932; Liber-

ty Mut. Ins. Co. v. Thrasher, Tex.Civ.App., 190 S.W.2d 596; Jaeger v. Cullen, Tex.Civ. App., 183 S.W.2d 584; Hudson v. Blackwell, Tex.Civ.App., 151 S.W.2d 889; Aldridge v. Clinton Park Development Company, Tex.Civ.App., 187 S.W.2d 255. Briefly stated, the entire record shows that although appellant was strong on promises, it was exceedingly weak on performance.

Appellant says it did not know it was required to file a brief. If true, this did not excuse its failure. However, the correspondence indicates it did have such knowledge. Appellant had refused to pay Mr. Sparks for representing it on appeal. Appellant directing that the records and the case be turned over to a Dallas lawyer. He refused to represent appellant. Appellant then, through Mrs. Stratton, wrote Mr. Sparks that "We have had to delay our departure for Eastland." "Please hold everything in abeyance until we arrive and we will discuss *the appeal brief* (italics ours) with you then." Mr. Sparks says they haven't arrived yet. On August 12th, Mr. Sparks advised both Mr. and Mrs. Stratton (president and treasurer, respectively, of appellant corporation) that Mr. Garonzik would make no appearance for appellant in this court; that he would make no appearance and "This means *unless a brief is filed the judgment will be affirmed,* (italics ours) which I assume is your wishes in the matter."

Furthermore, we are convinced that we were correct in dismissing appellant's motion for rehearing because it was not filed within 15 days after rendition of the judgment dismissing the appeal. R.C. P. 458 provides that a party desiring a rehearing may "within fifteen days after the date of rendition of the judgment * * * file with the clerk of said court his motion in writing for a rehearing * * *." In Reynolds v. Dallas County, 207 S.W.2d 362, our Supreme Court held that courts of civil appeals did not have authority to extend said 15 day period for filing a motion for rehearing, even if good cause for such delay was shown.

Appellant's motion to set aside the order dismissing its motion for rehearing is overruled.