## HUGH R. DUNN ET AL V. STATE

No. 26,908. April 21, 1954

No attorney for appellants of record on appeal.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the State.

GRAVES, Presiding Judge.

The appellants, Hugh R. Dunn, W. E. Martin, and J. J. Shown were sued upon the forfeiture of an appearance bond entered into by them on the 15th day of August, 1952, whereby they undertook to bind themselves for the appearance of the said Hugh R. Dunn before the County Court at Law No. 3 of Harris County, Texas, to answer upon a charge of misdemeanor duly filed therein.

On the call of such case it appears that the said Hugh R. Dunn failed to make his appearance at the time set forth in said undertaking as his name was called, and not having appeared within a reasonable time after such call was made, this bail bond was declared forfeited, and the two sureties thereon were ordered to show cause why the forfeiture of said bond should not be made final. This they seem to have failed to do and eventually this judgment was made final in the full amount of $400.00 set

forth in said bond, together with all costs incurred. From said judgment of the court this appeal has been taken.

Notice of appeal was given herein and the appeal bond made on the 3rd day of December, 1953, and the appeal was filed in this court on February 11, 1954.

No brief was filed in this court by the appellants.

In the case of Taylor et al. v. State, 152 Texas Cr. Rep. 625, 216 S.W. (2d) 206, this court said:

· "There are no briefs filed in this court by appellants, and it does not appear from the record that any were filed in the court below. Under the record as it appears in this case, this court is required to dismiss the appeal for want of prosecution. It is the uniform holding of this court that in cases of this nature, briefs must be filed in the trial court and in this court, as in civil cases. See Art. 866, C.C.P.; Rules 414, 415, Texas Rules of Civil Procedure; Hooper v. State, 127 Texas Cr. R. 117, 75 S.W. 2d 724; Orr v. State, 145 Texas Cr. R. 526, 158 S.W. 2d 533; and Franklin v. State, 133 Texas Cr. R. 179, 109 S.W. 2d 482.

"From what we have said here it follows that the appeal in this case should be dismissed, and it is so ordered."

See also Gaither et al. v. State, 256 Texas Cr. Rep. 503, 244 S.W. (2d) 209.

For the foregoing reason, this cause is ordered dismissed.