Jack MAPLES et ux., Appellants,

v.

B. J. JACKSON, County Attorney, Hood County, Texas, Appellee.

No. 15920.

Court of Civil Appeals of Texas.

Fort Worth.

March 14, 1958.

Rehearing Denied April 4, 1958.

R. E. Estes, Granbury, for appellants.

Dumas, Huguenin & Boothman, Dallas, Joseph A. Chandler, Stephenville, for appellee.

PER CURIAM.

On appellee's motion to dismiss the appeal, it appears that appellants failed to file their brief by the regular date of February 20, 1958, or to date of March 7, 1958, on which the merits of the appeal were scheduled to be heard.

The motion to dismiss the appeal was answered by appellants in the form of adoption of allegations of a proffered motion for extension of time to file brief, received by the clerk of this court on March 4, 1958. Such date was less than ten days prior to date set for the hearing on the merits of the appeal. This motion for extension did not request any postponement of the submission scheduled, and indeed stated that no delay of submission was desired.

The appellants' motion for extension of time within which to file a brief recited no length of time desired. Construction of the request would not infer a time beyond that of March 7, 1958, when submission was scheduled.

In view of Texas Rules of Civil Procedure, rule 415, it seems clear that the burden is cast upon an appellant to show not only the existence of good cause for any failure to comply with the provisions of Rule 414 regarding time for filing an appellant's brief, but must also carry the burden of showing that his failure in such respect has not caused any material injury to the appellee. It has been held that an appellee presumptively suffers consequential injury when deprived of the affirmative right to seasonably file a reply brief. Aldridge v. Clinton Park Development Co., Tex.Civ.App. Galveston 1945, 187 S.W.2d 255. In the present instance, the appellants have offered nothing, either orally or in writing, to rebut this presumption.

Under authority of T.R.C.P. 415, it appears proper to dismiss the appeal for want of prosecution. No circumstance appears indicating that order of dismissal should not be entered.

Appeal dismissed.