SANTANA PETROLEUM CORPORATION, Appellant,

v.

GO SERVICES, INC., Appellee.

No. 5753.

Court of Civil Appeals of Texas.

El Paso.

March 10, 1965.

Rehearing Denied April 14, 1965.

------

Tom Parker, Midland, for appellant.

Whitten, Harrell & Wilcox, Josephine M. Jameson, Abilene, for appellee.

CLAYTON, Justice.

This is an appeal from a summary judgment granted the plaintiff-appellee by the District Court of Midland County, Texas. This suit on sworn account was originally filed in Taylor County, Texas, in the year 1963, and by judgment dated July 18, 1963 the defendant's plea of privilege, on motion of the plaintiff, was granted and the cause transferred to Midland County. Plaintiff's First Amended Original Petition was filed in Midland County on April 9, 1964, and thereafter, on October 26, 1964 the plaintiff filed motion for summary judgment with accompanying affidavit, which motion was apparently unanswered, and resulted in summary judgment being granted the plaintiff on November 12, 1964 and filed the same day. The judgment recites that such motion was made in proper form and time, proper service thereof made and the parties were before the court for hearing thereon. Notice of appeal was filed on November 20, 1964, and appeal bond filed. Transcript was filed in this court on January 8, 1965, but no brief has been filed for appellant. On February 18, 1965 appellee filed motion for dismissal of the appeal under Rule 415, Texas Rules of Civil Procedure, for non-compliance with Rule 414. On February 23, 1965 appellant filed its motion that further time be granted

for filing brief, which motion reads as follows:

"TO SAID HONORABLE COURT:

"Santana Petroleum Corporation, the appellant in the above entitled and numbered cause, makes this its motion that the court grant further time for filing its brief and copies thereof herein, upon the grounds following: Appellant herein was represented at the trial of this cause by Rush Moody of the firm of Stubbeman, McRae, Sealy, & Laughlin and by Tom Parker, your affiant. After the preparation of the notice of appeal there was confusion as to which firm was to prepare appellant's *breif* with the result that both firms believed the othe*r*e had prepared and sent in appellant's brief. Appellant would further show this honorable court that appellant is appealing from a decree granting a summary judgment and that appellee has not sustained any damage because of a late filing and will not sustain any damage if this motion is granted.

"Premises considered, appellant prays to the court that it enter its order granting appellant until March 10, 1965 to _____ its brief on such terms as the court may order."

This motion was contested by appellee for the reasons that the appellant has failed to show good cause for failure to timely file brief and has failed to show that appellee has not suffered material injury thereby, and moved that this appeal should be dismissed for want of prosecution as provided in Rule 415, T.R.C.P. Appellee accompanies its motion to dismiss the appeal by citations of numerous authorities to support its position. Quotations from some of these authorities are set out:

Julian v. Carrollton Independent School District, 346 S.W.2d 189 (Tex.Civ.App., 1961; n.w.h.) (at pages 190 and 191):

"The excuse that confusion in the office of appellant's counsel caused him

to overlook filing the brief in the prescribed time is not good cause excusing failure. See 4 Tex.Jur.(2) 138, Sec. 633, and cases there cited dealing with causes that excuse a tardy filing.

"The duty to examine a record for fundamental error in the absence of briefs may be conceded to have been required prior to the advent of the Rules of Civil Procedure and repeal of Art. 1837, Vernon's Ann.Tex.Civ.St. See 4 Tex.Jur.(2) 127, Sec. 612. Presently, Rule 415 authorizes a dismissal of an appeal for want of prosecution, but at the same time grants the appellate court authority to consider late briefs even in the absence of good cause. The rule is silent on examination of the record for fundamental error as a prerequisite to dismissal for want of prosecution. Repealed Art. 1837 required Courts of Civil Appeals to consider errors apparent on the face of the record in the absence of an assignment. The repeal of the article constricted the legal concept of fundamental error, and many errors formerly treated as fundamental may not be so regarded now. See cases next cited.

"The outer limits of fundamental error have not been fixed, but an error is now said to be truly fundamental when it establishes by judgment rights or relief adverse and in conflict with the public interest as declared by the Constitution or by legislative enactment, or when a complete record reveals the trial or appellate court is without jurisdiction of the subject matter or procedure in litigation, or the parties to the action have no justiciable interest in the issues litigated. See Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219; Wagner v. Warnasch, 156 Tex. 334, 335, 295 S.W.2d 890. Logically it follows that in the absence of a brief the record should be examined for fundamental error as the same is now recognized."

We find no such fundamental error here.

Maples v. Jackson, 311 S.W.2d 464 (Tex. Civ.App., 1958; ref., n.r.e.)

"In view of Texas Rules of Civil Procedure, rule 415, it seems clear that the burden is cast upon an appellant to show not only the existence of good cause for any failure to comply with the provisions of Rule 414 regarding time for filing an appellant's brief, but must also carry the burden of showing that his failure in such respect has not caused any material injury to the appellee. It has been held that an appellee presumptively suffers consequential injury when deprived of the affirmative right to seasonably file a reply brief. Aldridge v. Clinton Park Development Co., Tex.Civ.App. Galveston 1945, 187 S.W.2d 255. In the present instance, the appellants have offered nothing, either orally or in writing, to rebut this presumption.

"Under authority of T.R.C.P. 415, it appears proper to dismiss the appeal for want of prosecution. No circumstance appears indicating that order of dismissal should not be entered.

"Appeal dismissed."

It is apparent that this lawsuit has been in a pending state for a considerable period of time, the transcript revealing that the cause of action arose in 1962. We are not persuaded by the merits of the appellant's motion for additional time to file briefs and feel that under the authorities this motion must be overruled and this appeal dismissed.

Appeal dismissed.