C. E. BRADSHAW, Appellant,

v.

C. H. MARCUM, Appellee.

No. 15501.

Court of Civil Appeals of Texas.

Dallas.

Jan. 30, 1959.

Rehearing Denied Feb. 27, 1959.

———◆———

Sessions, Sessions, Hoffman, Ackels & McMahan, and Joseph J. Silberman, Dallas, for appellant.

Witts, Geary, Hamilton & Brice, Dallas, for appellee.

DIXON, Chief Justice.

C. H. Marcum, assignee of Scott Walker, recovered judgment against C. E. Bradshaw for $920 (which included an attorney's fee) as a brokerage commission for the leasing of real property belonging to Bradshaw.

Bradshaw, as appellant, filed a transcript and a statement of facts in this court in June 27, 1958. Under Rule 414, Texas Rules of Civil Procedure he should have filed his brief within thirty days thereafter, the last day for such filing being July 27, 1958. He neither filed a brief within the thirty days nor requested an extension of time for filing. On October 16, 1958, 81 days after the last day for filing, appellant Bradshaw filed a motion asking permission to file a late brief, tendering a copy of a brief with his motion. He gave no reason for his failure to file his brief within the time provided by Rule 414 T.R.C.P.

Appellee Marcum filed a written answer to appellant's motion, and also filed a motion of his own asking that the appeal be dismissed for want of prosecution as provided by Rule 415 T.R.C.P.

▋ We overruled both motions, thereby denying appellant leave to file his late brief, but refusing to dismiss the appeal because in his motion appellant had alleged that the record on its face disclosed fundamental error.

Appellant apparently rests his claim of fundamental error on his contention that the judgment on its face is alternative in nature in that it awards appellee a judgment under an express written contract and also on the quantum meruit basis, thus allowing recovery on two directly opposite principles. See 25 Tex.Jur. 457.

▋ We are unable to agree with appellant that the judgment is alternative in nature. It is true that the trial court in its written decree makes a finding that the services rendered by appellee were of a reasonable value of $700. But the Court also found that the premises were leased at a time when the written contract providing for 10% brokerage fee was still in effect and that the premises were leased for $7,200 for one year, and "that by virtue of said written contract" appellant became liable for a brokerage fee under the express terms of the contract of $720, and liable also for $200 attorney's fee under Art. 2226, Vernon's Ann.Civ.St.

It is obvious that the finding regarding the express written contract furnished the only basis for the Court's judgment as to the brokerage fee, for that part of the written instrument wherein the Court pronounces its judgment is as follows: "It Is, Therefore, Ordered, Adjudged and Decreed that C. H. Marcum does have and recover from defendant C. E. Bradshaw the Present sum of Nine Hundred Twenty

($920.00) Dollars together with interest thereon at the rate of six (6%) per cent per annum from date of judgment, and all costs are hereby taxed against defendant, C. E. Bradshaw."

The record before us does not disclose fundamental error. The judgment is affirmed.