**J. S. GARLINGTON et al., Appellants,**

v.

**N. H. REED et al., Appellees.**

No. 3416.

Court of Civil Appeals of Texas.

Eastland.

Dec. 12, 1958.

Rehearing Denied Jan. 9, 1959.

Jack Lovette, Bowie, Elmer McClain, Lima, Ohio, for appellants.

Clyde Thomas, Big Spring, for appellees.

WALTER, Justice.

The transcript and statement of facts were filed in this court on July 28, 1958. Rule 414 provides that the appellant shall file three copies of his brief in the Court of Civil Appeals within thirty days after the filing therein of the transcript and statement of facts. On October 27, 1958, our clerk received one copy of appellants' brief and on November 6, 1958, appellants filed a motion for permission to file their brief but they did not set forth good cause for their failure to timely file their brief, but allege:

"* * * appellant was under the understanding by its attorney, Jack Lovette, that in February, 1958, at the time the case was heard before the District Court of Howard County, Texas, that the parties would agree to the filing of transcripts and briefs without complying with the rules of civil procedure."

The appellees protest the filing of appellants' brief and allege as follows:

"The appellees' protesting the filing of this brief grows out of the fact that this case has been before this Appellate Court a number of times heretofore, was tried in Federal Court a number of times heretofore, and appellants have had their day in Court, rather their days in Court, heretofore between the same parties upon the same issues even to the Supreme Court of Texas and the United States Supreme Court."

Rule 415 of Texas Rules of Civil Procedure provides that when the appellant

has failed to file his brief within the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure. Appellants have not filed their briefs within the time prescribed by the rules and have alleged no good cause for their failure.

The appeal should be, and the same is hereby dismissed. See United County Mut. Fire Ins. Co. v. Talley, Tex.Civ.App., 240 S.W.2d 466, and cases cited therein.

COLLINGS, J., did not participate in this decision.