**E. L. FITCH, d/b/a E. L. Fitch Trucking Co., et al., Appellants,**

**v.**

**INTERNATIONAL HARVESTER COMPANY, Appellee.**

No. 5490.

Court of Civil Appeals of Texas.

El Paso.

Sept. 27, 1961.

Rehearing Denied Oct. 25, 1961.

Murray J. Howze, Monahans, for appellants.

L. Holt Magee, McGowen & Magee, Monahans, for appellee.

LANGDON, Chief Justice.

Appellee, International Harvester Company, plaintiff in the court below, brought suit against appellant, E. L. Fitch, doing business as E. L. Fitch Trucking Company, because of default in the payment of a certain promissory note executed by Fitch and secured by a chattel mortgage against a 1959 International truck. At the same time, plaintiff filed an ancillary suit for sequestration and posted a good and sufficient bond in order to obtain immediate possession of the truck. Thereafter, on January 29, 1960, defendant E. L. Fitch, d/b/a E. L. Fitch Trucking Company, replevied said vehicle with the defendants,

Faye Hunter Hogg, J. B. Fitch and Phil Tripp executing a replevy bond in the amount of $47,350.04, as sureties.

Plaintiff recovered judgment against defendant Fitch in the main suit on April 29, 1960, for $23,908.60, plus $1,000 attorney fees. In its judgment, the court found the reasonable value of the truck, at the time, it was replevied by defendant, to be $20,000. Thereafter, on or about June 2, 1960, defendant E. L. Fitch tendered said truck to the sheriff of Ward County, minus certain special oil field equipment which plaintiff contended was a part of the truck. It is the missing equipment, or the value thereof, that is the subject of the present controversy.

The sheriff of Ward County executed a receipt to defendant E. L. Fitch, reflecting the value of the truck as returned at $15,-500, a sum equal to $4,500 less than the reasonable value of the truck as found by the court at the time of its replevy.

On June 7, 1960, plaintiff filed its motion for judgment against the principal and sureties on the replevy bond (appellants herein). A copy of such motion was mailed to defendant's attorney, Murray J. Howze, on June 7, 1960. On June 20, 1960, defendant replied to such motion by filing a motion to reform the original judgment rendered by the court on April 29, 1960; to suppress execution on such judgment; and for declaratory judgment. On August 22, 1960, a hearing was had on such motions, before the court without a jury, at the conclusion of which the court announced, "The court is going to grant judgment as prayed for by plaintiff against the sureties on the replevy bond. The Defendant's motion to set aside the judgment is denied." To which action by the court, defendant was allowed his exception and gave notice of appeal to the Court of Civil Appeals. Thereafter, on October 11, 1960, the court signed and entered its judgment nunc pro tunc as of August 12, 1960.

The transcript in this cause was timely filed on December 8, 1960. However, the statement of facts, shown to have been filed in the court below on December 9, 1960, was not received in the Court of Civil Appeals until February 20, 1961, after the expiration, on February 8, 1961, of a 60-day extension of time in which to file same, and the clerk of this court properly declined to file such record.

Under Rule 414, Texas Rules of Civil Procedure, appellants, having been granted a 60-day extension of time in which to file the statement of facts in the Court of Civil Appeals, were entitled to an additional 30 days after the expiration of such extended time in which to file their appellants' brief. The extended time for filing the statement of facts expired on February 8, 1961 and, consequently, the last date on which appellants might have timely filed their brief was March 10, 1961. No brief having been filed by appellants within such time, appellee has filed its motion to dismiss this appeal for want of prosecution.

The only writing in the nature of an appellants' brief attempted to be filed herein is an instrument received in this court on June 8, 1961, bearing the endorsement, "Appellants' Answer to Motion to Dismiss." Such instrument was received by the clerk long after the time allowed by law, and the extension of time granted by this court for the filing of appellants' brief had expired. In such brief, appellants predicate their appeal and motion upon a single point, as follows:

"The judgment entered on October 11, 1960, nunc pro tunc as of August 22, 1960, is void for failure to comply with provisions of the Rules and the law as to motion, notice to opposite party and/or other formalities of law."

Although appellants have failed to perfect their appeal by the timely filing of the statement of facts and brief herein, we have examined the transcript, appellee's brief, and have "peeked" at the statement of facts belatedly tendered in this court. From our examination, we have concluded that no reversible error is reflected by the

record, and that the judgment of the trial court may be affirmed under the theory presented by the appellee in its brief. In such case, we believe the judgment of the trial court should be affirmed without further examination of the record. Meacham v. Lyles, Tex.Civ.App., 206 S.W.2d 881.

 The record in this case reflects that Murray J. Howze, appellants' counsel, was present and in court on the morning of August 22, 1960, when this case was called for trial. Prior to that, various pleadings had been filed by both plaintiff and defendants, and the issue to be tried had been fully pleaded. When the case was called, appellants' counsel advised the court that he had a previous setting in Gaines County, but that he was confident he could get to Seminole and return to Monahans by 3:30 P. M. of the same day. The court thereupon passed the matter until 3:30 P. M. on August 22, 1960. After arriving in Seminole, appellants' counsel discovered it would be impossible for him to finish there and return to Monahans in time for the 3:30 setting. Accordingly, he called John Howze, a practicing attorney in Monahans, and requested him to appear in connection with this and one other matter which the court had passed until later in the day. No further motion was made for continuance of the cause. Mr. John Howze appeared as requested by counsel. Both sides announced ready, and a full and complete hearing was had before the court. At the conclusion of the hearing, the trial court rendered judgment for plaintiff, as prayed for, against the sureties on the replevy bond, and a proper notation to that effect was noted on the docket and signed by the judge. In this case, the judgment had been actually rendered from the bench at the conclusion of the hearing. In such case, if the delay in entering the verdict is caused by the court itself, or by process of law, judgment nunc pro tunc may be rendered and entered. Farmer v. Denton, Tex.Civ.App., 231 S.W.2d 908.

Appellants do not contend that the court entered a judgment nunc pro tunc different from that previously rendered by the court from the bench; nor have appellants pointed out any error in such original judgment. They contend only that no notice was afforded them of the court's intention to enter such judgment, as required by Rule 316, Texas Rules of Civil Procedure.

It is not contended that the error complained of amounted to such a denial of the rights of appellants as was reasonably calculated to cause, and probably did cause, a rendition of an improper judgment in the case, or was such as probably prevented appellants from making a proper presentation of the case to the appellate court. Rule 434, Texas Rules of Civil Procedure.

Plaintiff's motion to dismiss appellants' appeal is granted, and the judgment of the trial court is affirmed.