**MOORMAN & SINGLETON et al.,**
**Appellants,**

v.

**Linda Jane SIMMONS, a Minor, by Next Friend, Appellee.**

**MOORMAN & SINGLETON et al.,**
**Appellants,**

v.

**Edward Gale LOONEY, a Minor, by Next Friend, Appellee.**

**MOORMAN & SINGLETON, a Partnership, et al., Appellants,**

v.

**Jerry Don FLOYD et al., Appellees.**

**MOORMAN & SINGLETON, a Partnership, et al., Appellants,**

v.

**John Bryant FINCHER, a Minor, by and through his Next Friend and Father, Haskel Ray Fincher, Appellee.**

**Nos. 4037–4040.**

Court of Civil Appeals of Texas.

Waco.

Sept. 21, 1962.

Rehearing Denied Oct. 4, 1962.

Thompson, Knight, Wright & Simmons, Frank Finn, Jr., Pinkney Grissom, Dallas, for appellants.

Wynne & Wynne, Wills Point, for appellee Linda Jane Simmons.

L. F. Sanders, Canton, for appellee Edward Gale Looney.

Clyde Elliott, Jr., Canton, Bert Bader, Dallas, for appellee Jerry Don Floyd.

C. L. Stanford, Canton, for appellee John Bryant Fincher.

PER CURIAM.

The appeals in these plea of privilege cases were dismissed because appellants filed no briefs within the time prescribed by Rule 414, Texas Rules of Civil Procedure. On motion for rehearing appellants insist no briefs are necessary in appeals from interlocutory orders, and that Rule 414 has no application thereto. They cite cases holding no briefs are necessary in appeals from orders on temporary injunction.

The basis of these holdings is that Rule 385(d) provides that where the appeal is from an order granting or refusing a temporary injunction, the "cause may be heard in the Court of Civil Appeals" on the bill, answer, affidavits and evidence admitted. Subd. (d) of that Rule is limited in its application, and does not refer to appeals from all interlocutory orders. The two Court of Civil Appeals decisions to the

contrary appear to derive their determination from the opinions in the temporary injunction cases.

We think Rule 415 authorizing dismissal for failure to file briefs applies to these appeals. Schkade v. Independent-Eastern Torpedo Co., Tex.Civ.App., 168 S.W.2d 281; Bloss v. Alston, Tex.Civ.App., 284 S.W.2d 416; Kirby Lumber Corp. v. Walters, Tex.Civ.App., 277 S.W.2d 796, 801; Fitch v. International Harvester Co., Tex. Civ.App., 350 S.W.2d 395, per curiam, Tex. Sup., 354 S.W.2d 372; and see Haynes v. J. M. Radford Grocery Co., 118 Tex. 277, 14 S.W.2d 811.

Motions for rehearing are overruled.