**Lee F. DAVIS, Appellant,**

v.

**MORGAN DRIVE AWAY, INC., Appellee.**

**No. 142.**

Court of Civil Appeals of Texas.

Tyler.

May 20, 1965.

Russell L. Dunn, Sherman, for appellant.

Rayburn Nall, Elliott & Nall, Sherman, for appellee.

DUNAGAN, Chief Justice.

This was a suit brought by Lee F. Davis against Morgan Drive Away, Inc. in Grayson County, Texas. The defendant filed its plea of privilege to have the suit transferred to Tarrant County, Texas. By order of May 18, 1964, the court sustained defendant's plea of privilege. Appellant (plaintiff below) gave notice of appeal and caused transcript and statement of facts to be filed in the Court of Civil Appeals on the 22nd day of December, 1964.

This cause was set for submission and oral argument in this court on May 13, 1965.

The Clerk of this court gave both parties hereto due notice that the cause had been set for submission and oral argument for Thursday, May 13, 1965.

No briefs have been filed. The cause was submitted on a transcript and statement of facts.

Texas Rules of Civil Procedure 414 provides that an appellant shall file briefs within 30 days after filing transcript. R.C.P. 415 provides that when an appellant fails to file a brief within said time, the court may dismiss the appeal for want of prosecution, unless it is shown good cause for such failure and that appellee has not suffered material injury thereby. Although notified of all the proceedings, appellant has done nothing since filing the transcript and statement of facts.

Appellant has not offered any good cause or excuse for his failure to file his brief within the proper time or made any showing that appellee has not suffered material injury thereby.

■ Presumptively, at least, appellee has suffered consequential injury in that it has been denied thereby the exercise of its affirmative right to seasonably file a brief in reply to that of appellant. Mayrath v. Mayrath, 335 S.W.2d 873, (Tex.Civ.App.) 1960, no writ history; Hobbs v. Jackson, 313 S.W.2d 348, (Tex.Civ.App.) 1958, no writ history; Maples v. Jackson, 311 S.W.2d 464, (Tex.Civ.App.) 1958, refused, n. r. e.

■ Since appellant has not filed briefs within the time prescribed and has made no effort to show that good cause has existed for such failure or that appellee has not been injured thereby, the appeal is dismissed at appellant's cost. Liberty Mut. Ins. Co. v. Thrasher, 190 S.W.2d 596, (Tex.Civ.App.) 1945, writ refused; Willacy County Water Control and Imp. Dist. No. 1 v. Smith, 101 S.W.2d 373, (Tex.Civ.App.) 1937, no writ history; Dixieland Petroleum Corporation v. Brown, 216 S.W.2d 235, (Tex.Civ.App.) 1948, no writ history; Moorman & Singleton v. Simmons, 360 S.W.2d 548, (Tex.Civ. App.) 1962, error refused, Tex., 364 S.W.2d 188.