**W. M. MITCHELL, Jr., et al., Appellants,**

**v.**

**Orange Wesley GREGG, Appellee.**

**No. 162.**

Court of Civil Appeals of Texas.

Tyler.

Sept. 16, 1965.

**666**

Donald Carroll, Ramey, Brelsford, Flock & Devereux, Tyler, for appellants.

Rex Houston, Wellborn & Houston, Henderson, for appellee.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Appellants filed their record in this court on the 7th day of June, 1965. On July 15, 1965, the clerk of this court notified counsel for both parties that the cause was set for oral argument October 7, 1965. Appellants' brief was due to be filed on July 7, 1965; however, neither the brief nor a motion explaining the absence of the brief or a request for an extension of time was filed by appellants.

On July 16th, appellee filed a motion to dismiss the appeal on the ground that appellants had failed to file a brief in accordance with Rule 414, Texas Rules of Civil Procedure. In their reply to the motion, appellants contended first that no brief was necessary because the appeal was from interlocutory order. In this connection they cite Rule 385(d), T.R.C.P. and numerous cases holding that where the appeal is from an order granting or refusing a temporary injunction, the "cause may be heard in the Court of Civil Appeals" on the bill, answer, affidavits and evidence submitted.

It is now settled that subdivision (d) of Rule 385 is limited in its application and does not refer to appeals from all interlocutory orders. Specifically, it does not apply to an order sustaining or overruling a plea of privilege. Moorman & Singleton v. Simmons, 360 S.W.2d 548, (Tex.Civ. App.) 1962, error refused, Tex. 364 S.W.2d 188. The time allowed for filing of briefs in an appeal from an order sustaining or overruling a plea of privilege is now governed by Rule 414, T.R.C.P., which allows appellant 30 days after the filing of the record in which to file his brief.

Rule 415, T.R.C.P. provides that a failure to timely file a brief will authorize the appellate court to dismiss the appeal unless good cause is shown for such failure and that appellee has not suffered material injury thereby. Appellants do not contend that they have good cause for failure to timely file their brief; however, they do contend that appellee has not suffered any material injury thereby.

This cause is presently scheduled for oral argument October 7, 1965, which is less than 25 days from the present date. Therefore, appellee has, presumedly at least, suffered consequential injury in that he has been denied thereby his affirmative right to seasonably file a reply brief. Davis v. Morgan Drive Away, Inc., 391 S.W.2d 165, (Tex.Civ.App.), citing cases. Because of the fact that no brief has been filed or tendered for filing, and because of the fact that appellants have made no effort to show good cause for the failure to file their brief, and have failed to overcome the presumption of injury, the appeal is dismissed.

Appeal dismissed.