Arthur CUELLAR, by next friend, Anthony
Cuellar, and Anthony C. Cuellar,
Individually, Appellant,

v.

H. E. BUTT GROCERY COMPANY a/k/a
H. E. B. Food Stores, Appellee.

No. 181.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 8, 1965.

Herschel Bernard, San Antonio, for appellant.

W. N. Woolsey, of Lewright, Dyer & Redford, Corpus Christi, for appellee.

PER CURIAM.

This is an appeal from an order granting summary judgment in favor of appellee. Suit was filed in Bexar County, Texas, in December, 1962, by appellant. The defendant-appellee filed its plea of privilege to be sued in Nueces County. No controverting affidavit was filed and the case was transferred to Nueces County. Defendant filed its motion for summary judgment on the 14th day of May, 1964. Certificate of notice was given to the appellant that the motion had been filed and set for hearing. The transcript does not show any answer filed to defendant's motion for summary judgment, nor does the request by the appellant, designating matters on file to be prepared by the clerk of the trial court, make any such request for plaintiff's answer, affidavits or depositions in response to defendant's motion for summary judgment. On the 1st day of June, 1965, summary judgment for defendant was granted. Proper notice of appeal and appeal bond were timely filed by appellant and the transcript was filed in this Court on the 30th day of July, 1965. Although appellant's brief was due to be filed in this Court on the 29th day of August, 1965, no brief has ever been filed.

Rule 414, Texas Rules of Civil Procedure, provides that appellant shall file his brief in the Court of Civil Appeals within thirty days after the filing of the transcript (and statement of facts, if any). The time for filing the initial brief expired on the 29th day of August, 1965. Rule 415, T.R.C.P., provides for the dismissal of appeals for failure to file briefs for want of prosecution. Appellant has not attempted to show any good cause why he has not filed his brief. The failure of appellant to comply with the rules relative to the filing of briefs authorizes the Court to dismiss the appeal. Rules 414 and 415, T.R.C.P.; Sneed v. Moore, Tex.Civ. App., 330 S.W.2d 472; Franke v. Franke, Tex.Civ.App., 373 S.W.2d 891.

Because of the fact that the appellant has neither filed nor tendered for filing any brief in this Court and because the appellant has made no effort to show good cause for his failure to file his brief, the appeal is dismissed.

Appeal dismissed.