**J. D. LEE, Appellant,**

v.

**J. D. OWEN, Appellee.**

No. 14423.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1966.

Royce A. Oxford, Dell City, for appellant.

Ronald Calhoun, El Paso, for appellee.

PER CURIAM.

This suit was filed by appellee, J. D. Owen, against Adolph Gold and appellant, J. D. Lee, seeking judgment upon a promissory note and foreclosure of a vendor's lien securing payment of the note. An interlocutory default judgment was entered against Adolph Gold on September 13, 1965, and on January 13, 1966, judgment was entered after a non-jury trial, by which appellee recovered from Gold and appellant for his debt in the sum of $5,866.11, together with interest and attorney's fees, and foreclosure of his vendor's lien on certain lots in Hudspeth County, Texas.

Lee perfected his appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District of Texas, sitting in El Paso. The transcript and statement of facts were filed in that Court on March 9, 1966. No brief or motion for good cause was filed by appellant within thirty days thereafter, as required by Rule 414, Texas Rules of Civil Procedure. On April 22, 1966, appellee filed his motion to dismiss the appeal because of appellant's failure to file a brief. On the same date, the Supreme Court of Texas transferred this cause and fourteen others to this Court.

On May 6, 1966, appellant filed a motion in this Court requesting a thirty-five day extension of time in which to file his brief and praying that appellee's motion to dismiss the appeal be denied. This motion which is supported by affidavit of appellant's counsel sets forth in general terms the following reasons for failure to timely file brief: There is no stenographer in the small city where appellant's attorney practices law and he is forced to do his own stenographic work; there recently was a session of the District Court and another of a County Court in Hudspeth County, and this attorney is County Attorney; the attorney recently was in an automobile accident and confined to a hospital for nearly a week; the attorney was required to make out quite a number of income tax reports; and "all in all this attorney just has been snowed under with his work and way behind with everything which needed doing the last six weeks all at once."

It is seen that this motion for extension of time was not filed until nearly thirty days after the brief was due. Good cause is not shown for appellant's failure to timely file his brief, nor is it shown that appellee has not suffered material injury thereby. 4 Tex.Jur.2d, Appeal & Error, § 633. Appellant does not assert that there is any custom or practice in the Eighth Supreme Judicial District at variance with the provisions of Rule 414, T.R.C.P.[1] and our re-

search indicates the contrary. See Santana Petroleum Corporation v. Go Services, Inc., 389 S.W.2d 96.

Appellant's motion for extension of time is overruled and this appeal is dismissed. Rule 415, T.R.C.P.

---

1. Cf. Hoke v. Poser, 384 S.W.2d 335 (Tex.1964).