**Rafaela P. RODRIGUEZ, Appellant,**

v.

**Maria Guadalupe P. FLORES et vir,
Appellees.**

**No. 14680.**

Court of Civil Appeals of Texas.

San Antonio.

March 20, 1968.

Oscar J. Pena, Laredo, for appellant.

Roger C. Rocha, Laredo, for appellees.

PER CURIAM.

This is an appeal from a take-nothing judgment of appellant's suit to set aside her deed to appellee Maria Guadalupe P. Flores. The record was timely filed in this Court on December 14, 1967, however, no brief was

filed by appellant within thirty days as required by Rule 414, Texas Rules of Civil Procedure. The cause was set in regular order for submission on March 6, 1968, and both parties were notified of this submission by letter from the Clerk of this Court, mailed February 2, 1968.

On February 15, 1968, being sixty-three days after the record was filed, appellant filed her motion for leave to file her brief, three copies of which were tendered with said motion. As good cause it was alleged, "originally appellant did not intend to file a brief, as all pertinent matters are contained in the transcript, which is rather short in this case and which is self explanatory." It was further alleged that "upon further consideration Appellant's attorney has decided to submit a brief more concisely setting forth the pertinent matters in the case." This motion for extension of time was opposed by appellees for failure to show good cause and because it would not allow them time to file a reply brief before submission of the cause.

■ Appellant's motion does not show good cause for failure to timely file her brief. In Appellate Procedure in Texas, § 12.10(2), the question of "good cause" is considered, and it is there pointed out that the courts have established a high standard. As a general rule, unless the reason for failure to timely file the brief is based in part on the impact of some event beyond the immediate control of the litigant and which was to some extent unforeseeable, good cause does not exist. Lee v. Owen, 404 S.W. 2d 84 (Tex.Civ.App.—San Antonio 1966, no writ); Assembly of God Church of Tahoka v. Bradley, 196 S.W.2d 696 (Tex.Civ.App.— Amarillo 1946, no writ); 4 Tex.Jur.2d, Appeal and Error, § 633.

■ Under Rule 415, T.R.C.P., the appellate court may dismiss the appeal for want of prosecution when appellant has failed to timely file his brief unless good cause is shown for such failure and appel-

lee has not suffered material injury thereby. It is seen that if appellant's motion were granted appellees would have less than twenty-five days in which to file a reply brief before the cause was submitted, and therefore would, presumedly at least, suffer consequential injury. Mitchell v. Gregg, 394 S.W.2d 665 (Tex.Civ.App.—Tyler 1965, no writ).

■ We have examined the record in this cause and fundamental error is not shown.[1] We therefore conclude that this appeal should be dismissed. Lee v. Owen, supra; Cuellar v. H. E. Butt Grocery Co., 397 S.W.2d 873 (Tex.Civ.App.—Corpus Christi 1965, no writ); Moorman Singleton v. Simmons (Tex.Civ.App.—Waco 1962) 360 S.W.2d 548, writ ref'd, 364 S.W.2d 188 (Tex.Sup.1963).

The appeal is dismissed.

---

1. Appellate Procedure in Texas, § 12.10(3); McDonald, Texas Civil Practice, § 18.05.