Willie Mae WEAVER, Executrix, Estate of R. L. Weaver, Appellant,

v.

Paul Dee HAM, d/b/a Ham & Weaver Machine Company, Appellee.

No. 17104.

Court of Civil Appeals of Texas.

Dallas.

June 21, 1968.

Wm. E. Easterling, of Hyde, Tucker, Gano, Easterling & Brown, Dallas, for appellant.

Lon Sailers, of Turner, Rogers, Winn, Scurlock & Terry, Dallas, for appellee.

PER CURIAM.

This is a suit for an accounting brought by the appellant, Willie Mae Weaver, Independent Executrix of the Estate of Robert L. Weaver, Deceased, who was, prior to his death on March 29, 1966, a partner of the appellee, Paul Dee Ham. The trial court sustained appellee's amended motion for summary judgment and rendered a take-nothing judgment against appellant on October 13, 1967. She timely filed a motion for new trial, which was overruled by the court on November 13, 1967. The appellant timely filed a transcript in this court on January 3, 1968; and on January 10, 1968 appellee filed a motion for leave to supplement and correct the transcript, which motion this court took under advisement for determination with the merits of the case.

Rule 414, Vernon's Texas Rules of Civil Procedure, requires that appellant shall file his brief in the Court of Civil Appeals within 30 days after the filing of the transcript and statement of facts, if any, and that appellee shall file his brief within 25 days after the filing of appellant's brief. Pursuant to an agreement of the parties, appellant's time for filing her brief was extended to February 9, 1968. She did not file her brief within the extended period and made no effort to secure a further extension of time.

On May 27, 1968, appellee filed his brief, as permitted by Rule 416, T.R.C.P., and on the same day filed his motion to strike appellant's brief alleged to have been filed in this court on May 24, 1968, because not filed within the time prescribed by the rules, as extended by agreement as aforesaid. In fact, appellant's brief was not filed until May 27, 1968, approximately three and one-half months after the expiration of the extended time for the filing thereof under the Rules. The case was set for submission to this court on June 7, 1968, and on that date, just a few minutes prior to the convening of court, the appellant, although duly notified of the filing of appellee's motion to strike her brief, filed an answer thereto in which she attempted to excuse her late filing of her brief on the ground that she had been waiting to receive a copy of the Supplemental Transcript requested by appellee. We consider this answer as being filed too late to be entitled to consideration and, moreover, that it offers no valid excuse

for not having filed her brief within the extended time, or at least moving for a further extension of time in which to file the same.

Appellee urges that under the circumstances we should affirm the judgment appealed from without examining the record, as authorized by Rule 416, T.R. C.P. Nevertheless, we have examined the entire record and find no fundamental error therein. Accordingly, it is ordered by this court:

1. That appellee's motion for leave to supplement and correct the transcript is granted;

2. That appellee's motion to strike appellant's brief is sustained; and

3. That the judgment appealed from is affirmed.

Affirmed.