Francisca L. PENA et al., Appellants,

v.

PETROLEUM CASUALTY COMPANY, Appellee.

No. 7073.

Court of Civil Appeals of Texas.

Beaumont.

May 15, 1969.

Ferrero & Vela, Harlingen, for appellants.

Sam Reams, Houston, for appellee.

PER CURIAM.

This cause, arising under the workmen's compensation law, has been transferred to this Court by order of the Supreme Court of Texas. An examination of the record discloses that appellants appeal from a judgment denying compensation benefits for the death of the husband-father, based upon a jury finding that the decedent was not in the course of his employment at the time he received the injuries causing his death.

The appeal was duly perfected to the Court of Civil Appeals for the Thirteenth Supreme Judicial District of Texas at Corpus Christi, the record being filed therein on March 3, 1969. No briefs having been filed by the appellants at the time the record was received in this Court, our Clerk wrote to counsel on April 24, 1969, advising of the transfer of the case to this Court, and continued:

> "An examination of the record indicates that Appellant may be in default in filing the brief required under Rule 414. The Court has requested that Counsel immediately advise the Court what steps, if any, the parties propose taking to bring about a disposition of the case."

On May 7, 1969, our Clerk received a letter from Appellants' counsel seeking an extension of time within which to file the brief, asserting, in substance, that appellee's counsel had led him to believe that the case would be compromised and settled after the perfection of the appeal, for which reason he did not file the brief on time. Appellee's counsel denies the claim. We do not pass upon the merits, if any, of the dispute between counsel. The reason assigned, assuming the truth thereof, as a matter of law does not show good cause for the failure to timely file the brief. Rule 414, Texas Rules of Civil Procedure.

We have examined the record and do not find fundamental error apparent on the face thereof. Julian v. Carrollton Independent School District, 346 S.W.2d 189, 190 (Texarkana Tex.Civ.App., 1961); Cf. Bradshaw v. Marcum, 321 S.W.2d 352, 353 (Dallas Tex.Civ.App., 1959, error ref. n. r. e.).

Rule 414, Texas Rules of Civil Procedure, provides that appellant shall file his brief in the Court of Civil Appeals within thirty days after the filing of the transcript (and statement of facts, if any). The time for the filing of appellants' brief herein expired before the transfer of the case to this Court. The failure to comply with the rules relating to the filing of briefs authorizes the Court to dismiss the appeal. Rules 414 and 415, T.R.C.P.; Cuellar v. H. E. Butt Grocery Co., 397 S.W.2d 873 (Corpus Christi, Tex.Civ.App., 1965, no writ); McDonald v. Hill, 401 S.W.2d 160 (Beaumont, Tex.Civ.App., 1966, no writ).

The appeal is dismissed.*

---

* The judgment of the trial court stands unimpaired upon the dismissal of the appeal therefrom. Fitch v. International Harvester Co., 163 Tex. 221, 354 S.W.2d 372, 373 (1962).