George BURNS, Appellant,

v.

ALLIED MILLS, INC., Appellee.

No. 8048.

Court of Civil Appeals of Texas, Texarkana.

May 18, 1971.

Duke Taylor, Center, for appellant.

Wm. R. Bryant, Henderson, Bryant & Wolfe, Sherman, for appellee.

DAVIS, Justice.

This is a plea of privilege case. The Order was signed and entered on February 24, 1971. The transcript and statement of facts were filed in the Court of Civil Appeals on March 16, 1971. The case was transferred to this Court by the Texas Supreme Court. The Appellant had until April 15th to file his brief. On April 23, 1971, the Appellee filed his Motion to dismiss the appeal for the want of prosecution because the Appellant had failed to timely file his brief under Rule 414, T.R.C.P. He noted on the copy of the Motion to Dismiss the appeal that a copy had been mailed to the attorney for the Appellant at his post office address.

Attorney for Appellant did not tender a brief for filing until April 29, 1971. Attached to the brief was only a letter which reads as follows:

"Dear Mrs. Henry:

"Enclosed are three copies of the Brief of Appellant in the above matter.

"A copy of this letter is being furnished to Mr. Bryant, together with a copy of the Brief.

"Because of pressing matters I have been delayed in submitting this Brief, which is over due, and it is hoped the Court will consider the same.

"DT/bb        Yours very Truly,

"Enclosures—3      /s/ Duke Taylor

"CC: Mr. William R. Bryant     Duke Taylor
        Henderson Bryant & Wolfe
        Sherman, Texas."

---

Rule 385, T.R.C.P. gives the Appellant 20 days in which to file the Transcript and Statement of Facts in the Court of Civil Appeals after the date the Judgment is signed and entered. The record in this case was filed on the 20th day.

After the Transcript and Statement of Facts were filed in the Court of Civil Appeals, the Appellant had 30 days in which to file his brief, Rule 414, T.R.C.P. The Court of Civil Appeals has the power to grant an extension of time for filing the

briefs on a Motion filed by the Appellant, verified by his affidavit, which shows a good cause for the delay and that no injury will result to the Appellee. Rhodes v. Turner, Tex.Civ.App., 1942, 164 S.W.2d 743. See cases cited under Note 12, Rule 414, T.R.C.P.

Where the only reason offered by the Appellant for his failure to timely file his brief was because of "pressing matters," that does not show a good cause. Boyd v. Chicago, R. I. & P. Ry. Co., Tex.Civ.App., 1941, 149 S.W.2d 1053, N.W.H.

Rule 415, T.R.C.P. provides for the dismissal of a case for want of prosecution because of the failure of the Appellant to timely file his brief without showing a good cause therefor and that it will not result in any injury to the Appellee, Mitchell v. Gregg, Tex.Civ.App., 1965, 394 S.W.2d 665, N.W.H.

Where the Appellee filed a Motion to dismiss the appeal for want of prosecution because of the failure to file a brief, the Motion was set for hearing, notice was given to Appellant, Appellant did not appear, never filed briefs or offered any excuse for failure to do so, the appeal would be dismissed. Garrett v. State, Tex.Civ. App., 1963, 365 S.W.2d 670, N.W.H. Appellee filed a Motion to dismiss the appeal for want of prosecution on April 23, 1971. Appellant did not reply thereto.

Where Appellant failed to file his brief within the prescribed time, offered no good cause for his failure to do so, had not made deposit for filing of record in another Court of Civil Appeals from which the case had been transferred, the appeal would be dismissed for the want of prosecution. Thomas v. Billingsley, Tex.Civ. App., 1968, 425 S.W.2d 661, N.W.H.

We feel that it is our duty to dismiss this case for the want of prosecution.

The appeal is dismissed.

CHADICK, Chief Justice (dissenting).

The original opinion notes that this is a case transferred from the Court of Civil Appeals, Fifth Supreme Judicial District, Dallas, Texas. This case, if not previously dismissed, as well as others transferred at the same time, has been set for submission and oral argument in Dallas for the week beginning June 14, 1971. A more expeditious determination of the merit of the appeal herein has not been found feasible and is not scheduled to be made. Had the appellant timely complied with all procedural requirements and deadlines the case would not be mature for consideration on its merits until after argument and submission the week of June 14th. As the record stands, despite the tardy brief, nothing interferes with orderly processing and consideration of the merits of the appeal either before or after oral argument and submission the week of June 14th. No injury has been suggested or could occur to the appellee by reason of the failure of the appellant to timely file a brief. The appellee is in the identical position it would be in if the appellant had timely filed his brief. This court, so far as its convenience is concerned, is in the identical position it would be in had appellant's brief been timely filed.

Clearly, good cause for failure to timely file a brief is not shown: but in the absence of harm is an appellate court justified in dismissing an appeal and thereby refusing to consider the merit of the case? As stated in Tex.R.Civ.P. 1 (1967), the objective of our system of rules "is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Dismissal at this time violates the spirit of that rule. It seems to me that a dismissal under the circumstances disclosed by this record is arbitrary and uncalled for. Proper observance and respect for the rules can be maintained by less drastic action. Appellee's motion to dismiss should be carried with the case, and if the appellant prevails, all or a part

of the cost might be assessed against him. If the appellant merits discipline because his lawyer was negligent or cavalierly disregarded the rules, discipline of a nature more consistent with the seriousness of the offense should be assessed. Appellate Procedure in Texas, § 1210[2] contains a discussion of the problem presented by the late filing of appellant's brief. The section expresses a reasonable approach to a solution of the late filing problem. Also, see Texaco, Inc., v. Joffrion, 363 S.W.2d 827 (Tex.Civ.App., Texarkana 1962, writ ref'd, n.r.e.) ; Red Ball Motor Freight, Inc., v. Cordova, 332 S.W.2d 753 (Tex.Civ.App., Beaumont, 1960).

In instances such as this, when good cause has not been shown for failure to timely file a brief, but when the appellee has not suffered material injury and the operation of the court is not discernibly affected, there is no reason to dismiss an appeal that is being prosecuted in good faith. To do so is as arbitrary on the court's part, and as contrary to the spirit of the rules as anything the appellant's counsel has done. I, therefore, dissent.