JOHNSTON SALES COMPANY, Appellant,

v.

Henry LIZANA and Willie Lizana d/b/a Johnny's Garage, Appellee.

No. 15286.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 13, 1974.

Rehearing Granted March 6, 1974.

Peter N. Plumb, San Antonio, for appellant.

Charles L. Smith, San Antonio, for appellee.

On Motion for Extension of Time to File Appellant's Brief.

PER CURIAM.

On January 28, 1974, appellant filed its motion for an extension of time to file its brief, which was due to be filed on or before January 14, 1974. As good cause, appellant's attorney averred that " . . . due to an extremely heavy work load and the resignation of one of his secretaries as well as physical illness due to the flu and a back condition . . . " he had been unable to timely complete said brief. On January 30, 1974, the brief was tendered to our clerk. Such motion has been controverted by appellees wherein it is asserted that good cause has not been shown.

Rule 414[1] provides that appellant's brief shall be filed within thirty days after the record is filed, and that *upon good cause* shown, the Court of Civil Appeals *may* grant an extension of time. Such rule standing alone would hardly vest our Court with any discretion to allow an extension of time, except upon a showing of good cause. However, Rule 415, which authorizes the Court to dismiss the appeal for want of prosecution where appellant

1. All references are to Texas Rules of Civil Procedure.

has failed to timely file his brief or show good cause with no material injury to appellee, provides by clear and unambiguous terms that the Court may decline, in any event, to dismiss the appeal. Hoke v. Poser, 384 S.W.2d 335 (Tex.1964). Thus, the Courts of Civil Appeals are granted a broad discretion regarding the time for filing of briefs in said courts. See Burns v. Allied Mills, Inc., 468 S.W.2d 119 (Tex. Civ.App.—Texarkana 1971, no writ); Rodriguez, v. Flores, 426 S.W.2d 285 (Tex. Civ.App.—San Antonio 1968, no writ); Yancy v. Texas General Indemnity Co., 417 S.W.2d 643 (Tex.Civ.App.—Tyler 1967, no writ).

■ In keeping with the objective and spirit of the rules, this broad discretion is exercised by us in liberally construing good cause for an extension of time within which to file a brief where the motion for extension is filed within the time limits set forth in Rule 414 for filing said briefs. However, where the motion is not filed within such time limits, we strictly require good cause to be shown. This distinction is necessary if we are to submit cases with expedition and dispatch.

Rule 412 requires cases which have not been advanced to be set for submission at least four weeks ahead of the date of submission. Therefore, in late January, 1974, our trial docket was examined to determine the cases ready for submission on March 6, 1974. This examination showed that appellant's brief had not been filed, nor was there then pending a motion for extension of time. The transcript was in the possession of the attorney for appellant, and upon request to return same, said attorney advised our deputy clerk that he was working on his brief. Upon being advised by the deputy clerk that the time for filing same had expired, appellant's attorney stated that he understood that he had sixty days within which to file said brief and would promptly file a motion for extension of time. This was done.

The motion is in very general terms and somewhat contradictory. It fails to set forth good cause for failing to timely file said brief[2] and wholly fails to set forth any cause for not filing the motion for extension of time within the thirty-day period. We, therefore, overrule said motion for extension of time to file appellant's brief.

We have examined the record in this cause and fundamental error is not shown. We, therefore, conclude that this appeal should be dismissed. Rodriguez v. Flores, supra.

The appeal is dismissed.

On Motion for Rehearing on Extension of Time for Filing Appellant's Brief.

Appellant's attorney has filed a sworn motion for rehearing, supported by a statement from his medical doctor, to show good cause for his failure to timely file appellant's brief. Said attorney candidly admits that his failure to file a motion for extension of time within the thirty-day period for filing said brief was caused by his miscalculation of the due date for said brief. Nevertheless, he urges that good cause exists for his failure to timely file said brief.

The verified motion shows that he has been suffering disabling lower back pain since late December, 1973, from an early disc protrusion. This causes such severe lower back pain radiating across his left hip and down his left leg of such intensity that he is unable to walk, drive a car, sit in any one position for a length of time or arise from a chair without assistance. Such condition persists to the present time, although there are days when there is a remission in the pain. Nevertheless, during the forty-five-day period after the record was filed and before the brief was tendered, he was out of his office for eighteen days, and on other days he could only work a short time. During such limited work days, his time was largely occupied by clearing his

2. See Appellate Procedure in Texas, The Appellant's Brief, Section 12.10[2].

desk of a backlog of work. He was not physically able to sit for the time and concentration required for an appellate brief.

■ We conclude that such disabling physical condition is good cause for failure to timely file appellant's brief even when viewed from a strict construction standpoint. Appellant's motion for extension of time is granted, and said brief is ordered filed as of March 6, 1974.