Clint A. **BARHAM**, Appellant,

v.

Lucille **COMBS**, Appellee.

No. 17620.

Court of Civil Appeals of Texas,
Fort Worth.

May 16, 1975.

———◆———

Whitley R. Sessions, Dallas (no brief filed), for appellant.

Gayle E. Oler, Dallas (no brief filed), for appellee.

## OPINION

**PER CURIAM.**

This is an appeal from an order overruling defendant's plea of privilege.

Prior to submission the appellee filed his Motion to Dismiss for Want of Prosecution under Rule 415, Texas Rules of Civil Procedure, due to appellant's failure to file a brief. No statement of facts has been filed, nor has appellee filed a brief.

The order overruling defendant's plea of privilege was rendered and signed on November 26, 1974; defendant gave notice of appeal in open court, and it was duly noted in the order. Defendant filed his cash bond and request for transcript on December 13, 1974. On December 16, 1974, the transcript was filed in this Court. It has now been one hundred and fifty-one (151) days since the transcript was filed. No motion for extension of time for filing briefs nor attempted explanation for failure to file briefs has been forthcoming.

■ Rule 414, T.R.C.P., provides that appellant shall file his brief in the Court of Civil Appeals within thirty days after the filing of the transcript and statement of facts, if any. Rule 415, T.R.C.P., provides for the dismissal of appeals for failure to file briefs for want of prosecution in the absence of any "good cause" shown for failure to do so. Appellant has shown no good cause for failure to file his brief within the prescribed time limits. This failure to comply with the Rules permits the Court to dismiss the appeal. I_____ B_____ v. State, 513 S.W.2d 303 (Corpus Christi, Tex.Civ.App., 1974, no writ hist.); Rodriguez v. Flores, 426 S.W.2d 285 (San Antonio, Tex.Civ.App., 1968, no writ hist.); Dixieland Petroleum Corporation v. Brown, 216 S.W.2d 235 (Eastland, Tex. Civ.App., 1948, no writ hist.); Foreman v. Dallas Credit Corporation, 360 S.W.2d 442 (Waco, Tex.Civ.App., 1962, no writ hist.). To the same effect are cases involving pleas of privilege: Mitchell v. Gregg, 394 S.W.2d 665 (Tyler, Tex.Civ.App., 1965, no writ hist.); Schkade v. Independent-Eastern Torpedo Co., 168 S.W.2d 281 (Eastland, Tex.Civ.App., 1942, no writ hist.).

■ Even where no statement of facts or brief are filed, this Court will examine

the record for fundamental error and questions of law important to the public in general. Franke v. Franke, 373 S.W.2d 891 (Corpus Christi, Tex.Civ.App., 1963, no writ hist.). We find none in this case.

The appeal is dismissed.