CONTINENTAL OIL COMPANY et
al., Appellants,

v.

Richard B. DOBIE et ux., Appellees.

No. 1197.

Court of Civil Appeals of Texas,
Corpus Christi.

May 12, 1977.

Rehearing Denied June 2, 1977.

William E. Geer, Keys, Russell Seaman &
Mansker, Corpus Christi, for appellants.

Harry J. Schulz, Three Rivers, for appellees.

## OPINION

PER CURIAM.

This case is before us on appellants' motion for extension of time to file their brief and appellees' motion to dismiss the appeal. A thorough recitation of prior motions and dates is helpful in determining the basis for our decision.

The transcript and statement of facts in this appeal should have been filed on January 10, 1977. Rule 386, T.R.C.P. On January 11, 1977, the appellants tendered the transcript and were told by the Clerk of this Court that a motion for extension of time and for leave to file the transcript and statement of facts would be required under Rule 21c, T.R.C.P. The motion was filed and the time was extended. A second motion for extension of time to file the statement of facts was filed in which the appellants requested that the time be extended to March 4, 1977. The motion was also granted extending the time only until February 24, 1977. The statement of facts was then approved by the parties and filed on February 24, 1977. This filing set in motion the filing requirements of appellants' and appellees' briefs. Appellants' brief was due to be filed on March 26, 1977. Since this date fell on Saturday, its time was automatically extended until Monday, March 28, 1977. See Rule 4, T.R.C.P. Appellants did not tender its brief until April 18, 1977.

In the meantime, the Clerk of this Court, by letter dated March 8, 1977, notified the attorneys for all parties that the Court had set the case for submission and for oral argument on April 28, 1977. This date was 63 days after the statement of facts was filed in this Court. This notification gave the appellants ample time to file their brief and appellees sufficient time to file their reply brief before submission of the case.

The appellants' excuse for its failure to timely file its brief was that it was under the "mistaken belief" that the time for filing of appellants' brief was 30 days after a certain supplemental transcript was filed in this Court.

On March 21, 1977, the Clerk of this Court received a supplemental transcript from the District Clerk of Live Oak County. Appellees filed a motion for leave to file the supplemental transcript on March 24, 1977. On March 29, the appellants responded to appellees' motion in which response, the appellants contended that the motion should be denied in part as to the depositions concerning two specific witnesses which were included in the supplemental transcript. The motion was not acted upon by this Court until March 31, 1977, at which time the appellants' brief was already three (3) days late.

The question presented by appellants' motion for extension of time to file its brief and appellees' motion to dismiss the appeal is whether or not appellants have shown "good cause" for not filing its brief on time.

Rule 414, T.R.C.P. provides that the appellants' brief is due thirty (30) days after the filing of the transcript and statement of facts. The rule further provides that upon a showing of good cause, this Court may grant a party further time for filing his brief. Rule 415, T.R.C.P., provides that when an appellant has failed to file its brief in the time prescribed by the rules of civil procedure, the appellate court may dismiss the appeal for want of prosecution, unless there is a showing of good cause for the failure to timely file such brief and a showing that the appellee has not suffered material injury thereby. Appellants' cause for the late filing as stated in its motion for leave to file its brief was the fact that appellants' attorney "mistakenly believed" that the filing period (30 days) began from the date the supplemental transcript was filed, March 21, 1977. The appellants offer no other plausible excuse.

As a general rule, the Texas appellate courts have stated that good cause under Rule 414 exists only where the timely failure to file the brief was prevented by some event beyond the immediate control of the litigant and which was to some extent unforeseeable. *Rodriquez v. Flores*, 426 S.W.2d 285 (Tex.Civ.App.—San Antonio 1968, no writ); *Lee v. Owen*, 404 S.W.2d 84 (Tex.Civ.App.—San Antonio 1966, no writ); *Texaco Inc. v. Joffrion*, 363 S.W.2d 827 (Tex.Civ.App.—Texarkana 1962, writ ref'd n. r. e.). The case of *Weaver v. Ham*, 429 S.W.2d 687 (Tex.Civ.App.—Dallas 1968, no writ) is somewhat analogous to the case at bar. In the Weaver case, the appellant tendered her brief late. The only excuse offered for the late filing of the brief was that the appellant had been waiting to receive a copy of a supplemental transcript which had been requested by the appellee. The court held this was not a valid excuse and ordered the appellant's tendered brief stricken. In the case of *In re Salinas*, 530 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1975, no writ), this Court denied an appellee's motion for extension of time to file the brief when the only cause shown was that the appellee's attorney was mistaken about the submission date. For some other examples of other facts which have been held not to constitute good cause, see *Burns v. Allied Mills, Inc.*, 468 S.W.2d 119 (Tex.Civ.App.—Texarkana 1971, no writ) (other pressing matters); *Pena v. Petroleum Casualty Company*, 441 S.W.2d 657 (Tex.Civ.App.—Beaumont 1969, no writ) (appellee's counsel told appellant the case would be compromised); *Texaco Inc. v. Joffrion*, supra (attorney had other pressing work); *Julian v. Carrollton Independent School District*, 346 S.W.2d 189 (Tex.Civ.App.—Texarkana 1961, no writ) (misplacing of file by attorney); *Garlington v. Reed*, 319 S.W.2d 367 (Tex.Civ.App.—Eastland 1959, no writ), (agreement between parties not to comply with rules of civil procedure); *Krasner v. Abbott*, 315 S.W.2d 45 (Tex.Civ.App.—San Antonio 1958, no writ) (appellants attorney engaged in criminal trial).

Rule 1, T.R.C.P., sets out the optimum objectives of the rules of civil procedure. They are to obtain a just, fair, equitable and impartial adjudication of the rights of

litigants under established principles of substantive law. This rule admonishes the appellate court to give a liberal construction to the rules of civil procedure.

Rule 386, "Time to File Transcript and Statement of Facts" sets the time in which the due date for the record is to be filed.

Rule 414, "Briefs: Time for Filing, Etc." states that the 30 days for the filing of appellant's brief begins to run from the time the transcript and statement of facts are filed.

Rule 414 (time brief is due) relates only to Rule 386 (when record is due) and not to the rules that permit the record to be amended. Rules 428 and 429 allow either party, the trial court, or the appellate court to amend the record either before or after submission and do not relate in any way to the time for the filing of briefs. Even if we were to give the most liberal construction possible, these rules do not permit a party to an appeal to select his own filing date for his brief or to operate under its own interpretation of these rules, especially where the rules are clear and unambiguous. If the contrary were the case, we would have no orderly conduct of the trial or appellate process.

Next, the appellants have not shown that the appellees have not suffered material injury by the late tender of appellants' brief. The rules of civil procedure provide that four weeks notice shall be given to the parties before a case is set for submission. It has been the policy of this Court for many, many years to give more notice than the rules provide. In most instances six weeks to two months notice of the setting is given to the attorney so that the attorneys can schedule their time more advantageously. This advanced notice also prevents unnecessary postponements of submission dates because of business or trial conflicts. Coupled with this policy are our local rules [1] which state in effect, that submission dates will not be changed except upon a showing of good cause or in cases of emergency.

The appellants acknowledged that they received a copy of our local rules. These local rules do not conflict with any of the Texas Rules of Civil Procedure. They only supplement such rules by suggestions to the attorneys who practice before this Court. These local rules remind the attorneys representing appellants to file their brief within 30 days after the transcript and statement of facts are filed.

It is, therefore, an additional factor which mitigates against the appellants' position by the fact that the case was set for submission by notice mailed March 8, 1977 for a submission date of April 28, 1977. This advanced setting date gave the appellants and appellees each their allotted time to file their briefs in accordance with the rules of civil procedure. The appellants have not demonstrated good cause or emergency as a reason for rescheduling the submission of the case. It should have been very apparent to appellants' attorneys that their brief was going to be due within the time prior to the setting of the case and at a sufficient prior time that would permit the appellees to file their brief in the allotted time provided by the rules.

It is a well established principle of law that an appellee has a valuable right to have a case heard and disposed of in its regular order. The untimely tender of appellant's brief, if permitted to stand would deny appellee his allotted briefing time. Appellee contends it would amount to a material injury to his clients. We agree. See *Rodriquez v. Flores,* supra; *Mitchell v. Gregg,* 394 S.W.2d 665 (Tex.Civ.App.—Tyler 1965, no writ); *Davis v. Morgan Drive Away, Inc.,* 391 S.W.2d 165 (Tex.Civ.App.— Tyler 1965, no writ); *Graves v. Connecticut Gen. Life Ins. Co.,* 104 S.W.2d 121 (Tex.Civ. App.—Fort Worth 1937, writ dism'd); *Stripling v. Spivey,* 57 S.W.2d 173 (Tex.Civ. App.—Beaumont 1933, writ dism'd). If this Court were to have granted appellants' motion for extension of time to file its brief, it would have left the appellees with only ten

---

1. See Appendix—Local Rules and Suggestions to Attorneys, and see II–B and IV–B of such rules.

days in which to file their reply brief prior to submission. Such action is clearly contrary to the intent of Rule 414, T.R.C.P.

It is also curious to this Court that the appellants can claim any form of reliance on the supplemental transcript as a starting time for appellants' brief. This is especially true in light of the fact that appellants' brief was due four days after the appellees filed their motion for leave to file the supplemental transcript and this Court did not grant the motion until March 31, 1977, some three days *after* appellants' brief was due to be filed. Appellants then waited an additional 18 days before filing its motion for extension of time to file its brief. Although appellants' attorney made some inquiries of the Clerk of the Court, he never made specific inquiry concerning the due date of his brief. If he was uncertain as to the correct interpretation of the rules or had there been any question as to the proper time to file appellants' brief, all that the appellants' attorney had to do was to ask the Clerk of this Court. Our local rules invite such inquiry. (See Appendix.)

We believe that the orderly process for the administration of justice requires the enforcement of the rules of civil procedure. The attorneys who practice before the Courts of this State must necessarily rely on such rules to govern their trial and appellate affairs.

We are not unmindful of the Supreme Court holding in *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.Sup.1977) which defines "reasonable explanation" as that term is used under Rule 21c, T.R.C.P. This ruling by the Supreme Court came as a result of the amendment of old Rule 386 by new Rule 21c. This gives the Courts of Civil Appeals greater latitude in determining within their discretion what would constitute "reasonable explanation" for the necessary late filing of the record. However, Rule 21c is not applicable to Rule 414. Rule 414 has not been amended. It still has as its governing standard, "good cause". Even if Rule 21c was applicable to this situation, which it is not, an appellant would be required to file his motion to extend the time within 15 days after its due date, otherwise the motion would come too late. Here, the appellants did not file its motion until 21 days after the last day for the timely filing of its brief.

■ We have carefully examined the record and do not find that this case presents fundamental error. We, therefore conclude that appellants' motion for leave to file its brief should be denied. Appellees' motion to dismiss this appeal for want of prosecution is GRANTED. The appeal is DISMISSED. Rule 415, T.R.C.P.; *Cuellar v. H. E. Butt Grocery Company,* 397 S.W.2d 873 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Moorman & Singleton v. Simmons,* 360 S.W.2d 548 (Tex.Civ.App.—Waco 1962, writ ref'd) 364 S.W.2d 188 (Tex.Sup.1963).

## APPENDIX

### THIRTEENTH COURT OF CIVIL APPEALS LOCAL RULES AND SUGGESTIONS TO ATTORNEYS

The following is a list of the local rules and suggestions which this Court wishes the attorneys who practice before it to follow. We have prepared this memorandum as an aid to all of the attorneys who practice before our Court.

### I. RECORD

Occasionally a transcript is received which has no index. Please be sure the transcript includes an index.

The statement of facts often consists of more than one bound volume and several separate exhibits. In such cases, the court reporter's certificate should refer to the typewritten pages of trial testimony plus the exhibits (in bound volumes, envelopes, boxes, etc.) as part of the statement of facts. The court reporter is also advised to list in the index where the exhibits can be located, especially if there is a separate volume for such exhibits.

Make sure the statement of facts has been signed by the attorneys or the trial judge before presenting it for filing. See Rule 377, T.R.C.P.

## II. BRIEFS Rules 414–422, T.R.C.P.

All briefs should be short and succinct. Three copies of each brief are required. It is preferred that briefs be typed on 8½ by 11 inch paper and fastened on the side.

A. *Points of error.* Points of error should not be excessively numerous. Generally an appellant should be able to win a reversal of the case, if at all, in 20 or fewer points of error. The best point for reversal should be stated first; the second best, second; etc. Complaints of like nature may be grouped under a single point of error.

The point of error should state the complaint clearly and concisely. Nevertheless, the Court will consider the point even though the error is stated in only general terms, provided the Court can determine the cause of the complaint from the point of error and the argument thereunder. The brief is subject to being stricken, however, if there are numerous repetitious points or shades of the same ground of error. Remember the brief should be *BRIEF*! The Court may require rebriefing as authorized by Rule 422, T.R.C.P., if there are an excessive number of points of error or the brief is unnecessarily lengthy. See *In Matter of M.A.G., A Child*, 541 S.W.2d 899 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.).

B. *Time for filing briefs. Appellant's brief* is due 30 days after the complete record (statement of facts, where appropriate, and transcript) is filed with the Clerk of the Court. *Appellee's brief* is due 25 days after the appellant's brief has been filed. If either brief is late, it must be accompanied by a sworn motion for leave to file the brief, stating the cause for its tardiness. See Rule 414, T.R.C.P. *Reply briefs* may be filed as a matter of right up to the date of submission and oral argument. The Court always welcomes any help it may receive from the attorneys. However, reply briefs must be *only* in reply to the opponent's brief.

C. *Postsubmission Briefs.*

1. *Requested by the Court*—during oral argument, the Court may request additional briefs. Such briefs must be filed at the time stated by the Court, or if no time is specified, at a reasonable time after oral argument.

2. *Requested by an attorney*—attorneys who want to file a postsubmission brief on their own must file a motion for leave to file the brief setting out pertinent facts why the brief should be filed. If the Court rules favorably on the motion, the postsubmission brief may be filed at the time suggested by the Court. The opposing party may file a reply to the motion to file a postsubmission brief, and may also, upon the granting of a proper motion, file its own postsubmission brief.

D. *Citations.* In preparation of briefs, this Court requires that citations conform to the Texas Rules of Form, 3rd Edition (1974), published by the Texas Law Review. If the case was decided by an intermediate court, the name of the court and the writ history must be included.

For example:

*Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex. Civ.App.—Corpus Christi 1973, writ dism'd w. o. j.)

This Court does not want the Texas Reports citations. Supreme Court cases should be cited as follows:

*Lindley v. Lindley*, 384 S.W.2d 676 (Tex. Sup.1964)

## III. SUBMISSION AND ORAL ARGUMENT

A. Submission day is Thursday, and docket call is at 9:00 a. m., unless otherwise specifically stated.

B. Argument time: *Appellant*—30 minute opening, and 10 minute rejoinder; *appellee*—30 minutes. When the green warning light comes on, the attorney has 2 minutes left to conclude his argument. When the red light comes on, the attorney's time has expired. If multiple attorneys are arguing, the argument time should be divided by agreement among the attorneys. If agreement cannot be reached or if additional time for argument is sought, the Court should be advised of this fact at the time

the Court calls for announcements on submission day.

C. Cases cited during oral argument that are not contained in the original briefs must be presented to the Clerk and opposing counsel in writing prior to argument.

D. Out-of-state attorneys must be admitted to practice before the Court. We have forms for this upon request.

E. All attorneys are required to dress in appropriate business attire while in Court (men: coat and tie; women: dress, suit, or pantsuit).

F. Attorneys are required to sign the attorney register on the Clerk's desk in the courtroom when they arrive.

G. The Court is familiar with the case before oral argument, having read the briefs and discussed the case in conference. However, the appellant should begin the argument with a short-complete statement of the nature of the case and the basis for reversal.

H. An attorney who wishes to waive oral argument should notify the Clerk as soon as possible after notice of submission date; otherwise, the Court expects oral argument.

I. There will be no smoking in the courtroom.

J. No photograph or sound recording is to be made in the courtroom without prior permission by the Court.

## IV. MOTIONS

All motions containing any factual allegations *must* be sworn to. The Court requires 3 copies of all motions. The Court encourages agreed motions between attorneys. Rule 409, T.R.C.P., provides for a 10-day delay after notice of filing before motions are ruled upon. This gives the opposing party an opportunity to reply. However, if the opponent joins in the motion or replies to the motion before the expiration of 10 days, the Court will consider the motion without further delay. If an attorney opposes a motion, such opposition should be accompanied by a short brief.

Only in rare instances will the Court permit a hearing on a motion. Ordinarily motions are ruled on and the attorneys are notified of the rulings by letter. It is not necessary for attorneys to submit proposed orders.

The Court does not grant relief in excess of that which is prayed for. Therefore, the attorneys should not wait for a ruling by the Court, but should meet all deadlines and perform all other actions in the time and manner requested in their motions even if no ruling has been made.

Whenever a document may be filed as a matter of right, there is no need to accompany the document with a motion for leave to file it. However, such a motion must accompany documents offered for filing after the date for filing has passed (e. g. a supplemental transcript tendered after the due date for filing the transcript), and must set out reasons to support its filing. If a document is received along with a motion for leave to file it, the document will be designated "received". Should the motion be granted, the document will be filed as of the date it was *initially received* unless otherwise stated.

A. Motions for extension of time to file record.

1. Such motions should be filed, in triplicate, in the manner and within the time provided for in Rules 21c, 384, 385, 386, and other rules relating to the particular character of the case. For "reasonable explanation" under Rule 21c, see: *Hildyard & Rio Ray Citrus, Inc. v. Fannel Studio, Inc.*, 547 S.W.2d 332 (Tex.Civ.App. —Corpus Christi 1977) and *Meshwert v. Meshwert*, 543 S.W.2d 877 (Tex.Civ.App. —Beaumont 1976), aff'd 549 S.W.2d 383 (Tex.Sup.1977).

2. Motions should state each of the items below which are applicable:

(a) whether it is a first or subsequent application;

(b) date judgment was rendered in trial court;

(c) date motion for new trial, if any, was filed;

(d) date amended motion for new trial, if any, was filed;

(e) date to which hearing on motion for new trial was extended;

(f) date motion for new trial was overruled or was overruled by operation of law;

(g) date notice of appeal or appeal bond was filed;

(h) date transcript and statement of facts were requested;

(i) date record was due to be filed here;

(j) reason for delay;

(k) length of extension desired, setting out the date to which an extension is requested. (Attorneys should allow an additional week or 10 days beyond the date the court reporter estimates delivery for the statement of facts to be approved by opposing counsel or the trial judge.)

3. Such motions should be sworn to and be supported by affidavit as to facts alleged. If the reason for delay is the inability of the clerk or court reporter to meet the due date, the motion should be accompanied by an affidavit from the clerk or court reporter explaining the cause for delay and giving an estimated completion date. The Court reporter should state the names of the specific cases that he or she is working on. A very detailed affidavit is required when the statement of facts is not completed when initially estimated and a second or third motion to extend time is necessary.

B. MOTIONS FOR EXTENSION OF TIME TO FILE BRIEFS

1. Such motions must be verified and should be filed, in triplicate, before time for filing the brief has expired.

2. Motions should state:

(a) date the record was filed in this Court;

(b) if motion is by appellee, date appellant filed his brief;

(c) whether or not the cause has been set for submission, and if so, when; *Important note*: the Court will *not* reset submission dates except in cases of emergency;

(d) number of days' extension requested, setting out date requested; and

(e) reason for delay.

V. COSTS (Rule 388a T.R.C.P.). Make checks payable to Clerk, Court of Civil Appeals.

$25.00—filing fee for regular case on appeal.

5.00—original filing of motion for extension of time to file the record; an additional $20.00 is required if motion is granted.

10.00—motion for leave to file for writ of mandamus, prohibition, injunction, and other like proceedings originating in Court of Civil Appeals; $15.00 additional deposit if motion is granted.

10.00—motion for affirmance on certificate.

10.00—any other original motion or proceeding where no record has been filed.

APPLICATION FOR WRIT OF ERROR— please note that *two* deposits must be made:

$10.00—filing fee to Clerk, Supreme Court of Texas (Rule 485, T.R.C.P.)

$12.50—transportation costs, to Clerk, Court of Civil Appeals (Rule 473, T.R.C.P.)

The Court thanks you for your cooperation. The Clerk of our Court is an attorney and will be happy to assist you in any way if you have any questions concerning these rules.

PAUL W. NYE, Chief Justice

GERALD T. BISSETT, Associate Justice

HORACE S. YOUNG, Associate Justice

ADOPTED on this, the 21st day of March, 1977.